

1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, SBN 257163
2   e-mail: cgonell@morganlewis.com
    5 Park Plaza, Suite 1750
3   Irvine, CA  92614
    Tel: 949.399.7000
4   Fax: 949.399.7001

5
    Attorneys for Defendants
6   CHASE INVESTMENT SERVICES
    CORP., JPMORGAN CHASE BANK
7   N.A., and JPMORGAN CHASE & CO.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  JOSEPH BAUMANN, individually,          Case No.        CV11-06667-GHK(FMOx)
    and on behalf of other members of
12  the general public similarly situated,
                                            DEFENDANTS' NOTICE OF
13                   Plaintiff,             REMOVAL TO THE UNITED STATES
                                            DISTRICT COURT FOR THE
14         vs.                              CENTRAL DISTRICT OF
                                            CALIFORNIA
15  CHASE INVESTMENT SERVICES
    CORP., a Delaware corporation;          Diversity Jurisdiction and Jurisdiction
16  JPMORGAN CHASE BANK, a                  Under The Class Action Fairness Act
    New York corporation;
17  JP MORGAN CHASE & CO., a                [28 U.S.C. §§ 1332, 1441, 1446 and 1453]
    Delaware corporation; and DOES 1
18  through 10, inclusive,

19                   Defendants.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2                                          DEFENDANTS' NOTICE OF REMOVAL

# TABLE OF CONTENTS

Page

I.   SUMMARY OF COMPLAINT ............................................................2

    A.   Plaintiff's Claims ........................................................................2

    B.   Plaintiff's Request For Relief.....................................................4

II.  THE REMOVAL IS TIMELY ............................................................5

III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION ...................................................................................5

    A.   This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).........................................................................................5

        1.   Complete Diversity of Citizenship Exists...............................5

            a.   Plaintiff Is A Citizen of California .................................6

            b.   Defendants Are Not Citizens Of California ....................6

        2.   The Amount in Controversy Exceeds $75,000 .......................8

            a.   PAGA Penalties ............................................................10

            b.   Attorneys' Fees ............................................................14

    B.   In The Alternative, This Court Has Original Subject Matter Jurisdiction Under CAFA...........................................................15

        1.   Plaintiff's PAGA Suit Is A Class Action Under CAFA ...........15

        2.   Minimum Diversity Exists .....................................................16

        3.   The Amount In Controversy Exceeds $5 Million....................17

IV.  VENUE .............................................................................................18

V.   NOTICE ...........................................................................................18

VI.  CONCLUSION .................................................................................18

# TABLE OF AUTHORITIES

**CASES**                                                                      Page(s)

*Adams v. Luxottica,*
    No. 8:07-cv-01465, 2009 U.S. Dist. LEXIS 130660 (C.D. Cal. July 24,
    2009) .................................................................................................15

*Armstrong v. Church of Scientology Int'l,*
    243 F.3d 546 (9th Cir. 2000) ..............................................................5

*Boon v. Allstate Ins. Co.,*
    229 F. Supp. 2d 1016 (C.D. Cal. 2002) ..............................................5

*Caldwell v. Allstate Insurance Co.,*
    536 F.3d 418 (5th Cir. 2008) .............................................................15

*Coleman v. Estes Express Lines, Inc.,*
    730 F. Supp. 2d 1141 (C.D. Cal. 2010) ............................................11

*Countrywide Home Loans, Inc. v. Mortgage Guaranty Insurance Corp.,*
    642 F.3d 849, 2011 U.S. App. LEXIS 12066 (9th Cir. 2011) .............1

*Franco v. Ross Stores, Inc.,*
    Case No. BC 298950 (L.A. Super. Ct.) .............................................14

*Guglielmino v. McKee Foods Corp.,*
    506 F.3d 696 (9th Cir. 2007) ..........................................................8, 13

*Korn v. Polo Ralph Lauren Corp.,*
    536 F. Supp. 2d 1199 (E.D. Cal 2008) ............................................8, 16

*KZSA Broadcasting, Inc. v. Immaculate Heart Radio Ed. Broadcasting, Inc.,*
    No. 2:10-cv-01213-GEB-EFB, 2010 U.S. Dist. LEXIS 134287 (E.D. Cal.
    Dec. 20, 2010) .....................................................................................5

*Molnar v. 1-800-Flowers.com, Inc.,*
    No. 08-CV-0542-CAS-JCx, 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ........13

*Newcombe v. Adolf Coors Co.,*
    157 F.3d 686 (9th Cir. 1998) ..............................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

i                                              DEFENDANTS' NOTICE OF REMOVAL

*Rippee v. Boston Market Corp.,*
   408 F. Supp. 2d 982 (S.D. Cal. 2005)..................................................................8

*Sanchez v. Wal-Mart Stores, Inc.,*
   No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706 (E.D. Cal. May 8, 2007) ..........................................................................................................13

*Scherer v. Equitable Life Assurance Society of the United States,*
   347 F.3d 394 (2d Cir. 2003)..........................................................................8

*Schiller v. David's Bridal, Inc.,*
   No. 1:10-cv-00616 AWI SKO, 2010 U.S. Dist. LEXIS 81128 (E.D. Cal. July 14, 2010)......................................................................................16

*Singer v. State Farm Mut. Auto. Ins. Co.,*
   116 F.3d 373 (9th Cir. 1997) ..................................................................8, 16

*Thomas v. Aetna Health of California, Inc.,*
   No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377 (E.D. Cal. June 2, 2011)........................................................................................7

*Thompson v. APM Pacific Terminals, Ltd.,*
   No. 3:10-cv-00677, 2010 WL 6309364 (N.D. Cal. Aug. 26, 2010)....................15

*Tompkins v. Basic Research LL,*
   No. CIV. S08244-LKK-DAD, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008) ..........................................................................................................13

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.,*
   602 F.3d 1087 (9th Cir. 2010) ..................................................................15

*Wachovia Bank, NA v. Schmidt,*
   546 U.S. 303 (2006)..................................................................................6

**STATUTES**

28 U.S.C. §§ 1332, 1332(a), and 1332(d)(1)(B) ..........................................4, 6, 7, 14

28 U.S.C. §§1332(d)(2) and 1332(d)(6) ........................................14, 15, 16, 17

28 U.S.C. § 1348 ..........................................................................................4, 7

28 U.S.C. §1441(a), (b), (d) ..........................................................4, 5, 6, 14, 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

DEFENDANTS' NOTICE OF REMOVAL

28 U.S.C. §§ 1446 and 1453 ................................................................................14

Cal. Civ. Proc. Code § 340.................................................................................9

Cal. Lab. Code § 203(a) ...................................................................................11

Cal. Lab. Code  §§201 and 202.........................................................................2

Cal. Lab. Code § 203........................................................................................10

Cal. Lab. Code § 204..........................................................................................3

Cal. Lab. Code § 210........................................................................................12

Cal. Lab. Code § 226, 226(e) ......................................................................2, 10

Cal. Lab. Code §§ 226.7 and 521.......................................................................2

Cal. Lab. Code §§ 510 and 1198..................................................................3, 12

Cal. Lab. Code §§ 2800 and 2802......................................................................3

Cal. Lab. Code §§2698 et seq. ("PAGA") ................................................ passim

Cal. Lab. Code §§ 2699(a), § 2699(f)(2), 2699.3, and 2699.5 ..................... 3, 4, 9, 16

**OTHER AUTHORITIES**

Fed. R. Evid. 201(b)...........................................................................................5

Fed. Rule Civ. P. 23 ...................................................................................14, 15

Senate Judiciary Report, S. REP. 109-14 ........................................................16

DB2/ 22608986.2

1

2   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

3   **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

4   PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446

5   and 1453, Defendants CHASE INVESTMENT SERVICES CORP., JPMORGAN

6   CHASE BANK, N.A., and JPMORGAN CHASE & CO. ("Defendants" or

7   "Chase")[1] hereby remove the above-entitled action from the Superior Court of the

8   State of California, in and for the County of Los Angeles, to the United States

9   District Court for the Central District of California. This Court has original subject

10   matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because

11   complete diversity exists (Plaintiff is a California citizen, while defendants are not

12   California citizens), and the amount in controversy exceeds $75,000. In the

13   alternative, this Court has original subject matter jurisdiction under the Class

14   Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because

15   minimum diversity exists and the amount in controversy exceeds $5 million.

16   Accordingly, removal is based on the following grounds:

17   I.   **SUMMARY OF COMPLAINT**

18   A.   **Plaintiff's Claims.**

19   Plaintiff Joseph Baumann ("Plaintiff") was employed by Defendant Chase

20   Investment Services Corp. as a Financial Advisor Associate from June 2010 to

21   January 2011. Ex. A, Compl. ¶ 17.[2]

22

23   [1] The Complaint improperly names JPMorgan Chase Bank, N.A., (misnamed as
JPMorgan Chase Bank) and JPMorgan Chase & Co. (misnamed as JP Morgan

24   Chase & Co.) as defendants. Plaintiff was employed by Chase Investment Services
Corp. only, and Defendants reserve all rights and defenses accordingly.

25   [2] Plaintiff agreed to binding arbitration with respect to any dispute arising out of or
relating to his employment with Chase, and Chase intends to seek enforcement of

26   that agreement. In cases where, as here, jurisdiction in federal court is proper, the
federal court is the appropriate court to consider the propriety of arbitration. *See*

27   *Countrywide Home Loans, Inc. v. Mortgage Guaranty Insurance Corp.*, 642 F.3d
849, 2011 U.S. App. LEXIS 12066, *12-13 (9th Cir. 2011) (stating that the

28   Supreme Court has interpreted the FAA "to require district courts to consider the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

1

DEFENDANTS' NOTICE OF REMOVAL

On July 8, 2011, Plaintiff filed a Complaint for Enforcement of the Private Attorneys General Act, California Labor Code §§2698 et seq. ("PAGA"), in which he alleges that Chase engaged in a "systematic business practice and policy of misclassifying Plaintiff and other Financial Advisors as exempt from the requirements of the California Labor Code and the applicable IWC Wage Orders." Ex. A, Compl. ¶ 21.  Plaintiff seeks PAGA penalties for each of the following alleged violations:

**Deficient Wage Statements**.  Plaintiff alleges that he and other Financial Advisors did not receive complete and accurate wage statements, and that "[t]he deficiencies include, among other things, the failure to accurately list the total hours worked by Plaintiff and other aggrieved employees." Ex. A, Compl. ¶¶ 27, 45-46. Plaintiff further alleges that Chase failed to provide accurate wage statements in violation of Labor Code § 226. Ex. A, Compl. ¶¶ 40(d), 45.

**Waiting Time Penalties**.  Plaintiff alleges that Chase failed to timely pay all wages earned (including overtime wages and missed meal and rest premiums) to him and other Financial Advisors upon discharge in violation of Labor Code §§201 and 202. Ex. A, Compl. ¶¶ 26 and 40(e), 46.

**Meal and Rest Periods**.  Plaintiff alleges that he and other Financial Advisors did not receive meal or rest periods pursuant to the Labor Code "due to the flow of customers and high volume of work they had to complete at Defendants' banks." Compl. ¶¶ 42-43.  Plaintiff thus claims that Chase failed to provide all meal and rest breaks to him and other aggrieved employees in violation of Labor Code §§ 226.7 and 521. Ex. A, Compl. ¶ 40(b).

**Overtime Wages**.  Plaintiff alleges that while employed by Chase, he worked over 10 hours per day and approximately 52 to 58 hours per week. Ex. A, Compl. ¶ 21.  Plaintiff alleges that Chase misclassified him and other aggrieved propriety of arbitration in cases where jurisdiction is proper").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

2

DEFENDANTS' NOTICE OF REMOVAL

employees and falsely represented to him that he was properly classified in order to avoid paying overtime wages. *Id.*  Plaintiff alleges that he and other Financial Advisors were entitled to receive overtime wages, that they were not receiving such wages, and that Chase's alleged failure to compensate him and other aggrieved employees with all required overtime pay violates Labor Code §§ 510 and 1198. Ex. A, Compl. ¶¶ 22, 40(a), 41.

**Untimely Wage Payment.**  Plaintiff alleges that Chase failed to timely pay all earned wages (including overtime wages and missed meal and rest premiums) to him and other Financial Advisors during employment in violation of Labor Code § 204. Ex. A, Compl. ¶¶ 25, 40(f), 47.

**Business-Related Expenses.**  Plaintiff further alleges that he and other Financial Advisors were entitled to receive full reimbursement for all business-related expenses and costs they incurred in their employment, and that they did not receive such reimbursement. Ex. A, Compl. ¶ 28.  Plaintiff thus claims that Chase failed to reimburse him and other Financial Advisors for necessary business-related expenses incurred in violation of Labor Code §§ 2800 and 2802. Ex. A, Compl. ¶¶ 40(c), 44.

**B.     Plaintiff's Request For Relief.**

Plaintiff alleges that "PAGA provides that any civil penalty which may be assessed and collected by the LWDA [the California Labor Workforce Development Agency] for violation of the California Labor Code may, as an alternative, be recovered through a civil action brought against an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3." Ex. A, Compl. ¶ 31. Plaintiff also alleges that "[p]ursuant to California Labor Code sections 2699(a), 2699.3, and 2699.5, [he] and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

3                      DEFENDANTS' NOTICE OF REMOVAL

California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802." Ex. A, Compl. ¶ 48.

Plaintiff further claims that "[t]he amount in controversy *for Plaintiff*, including claims for civil penalties and *pro rata share of* attorneys' fees, is less than seventy five thousand dollars ($75,000)." Ex. A, Compl. ¶ 2 (emphasis added). Plaintiff does not make any allegation regarding the amount in controversy *for all aggrieved employees*. Ex. A, Compl. In his Prayer for Relief, Plaintiff simply alleges that he is seeking "in excess of twenty-five thousand dollars ($25,000)." Ex. A, Compl. Prayer for Relief ¶ 1. Plaintiff further prays "for civil penalties pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g), plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802; and [f]or such other and further relief as the Court may deem equitable and appropriate." Ex. A, Compl., Prayer for Relief ¶¶ 3-4.

## II.   THE REMOVAL IS TIMELY

This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days of July 13, 2011 – the date on which Chase first was served with a copy of the Complaint. No previous notice of removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

### A.   This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

The Court has original subject matter jurisdiction over Plaintiff's claims because there is complete diversity and the amount in controversy exceeds $75,000. Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332(a).

#### 1.   Complete Diversity of Citizenship Exists.

A case may be heard in federal court under diversity jurisdiction if there is complete diversity, *i.e.*, all plaintiffs are diverse from all defendants. 28 U.S.C.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

4                          DEFENDANTS' NOTICE OF REMOVAL

DB2/ 22608986.2

§ 1332(a).  Further, a defendant may remove an action to federal court under § 1332 provided no defendant is a citizen of the same state in which the action was brought.  *See* 28 U.S.C. §1441(a), (b).  Here, all such requirements are met because Plaintiff is a citizen of California, while none of the defendants is a citizen of California.

### a.   Plaintiff Is A Citizen of California.

"An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  Plaintiff's Complaint alleges that he is a resident of Riverside County, California.  Ex. A, Compl. ¶ 7.  He is, therefore, a citizen of California for purposes of diversity jurisdiction.[3]

### b.   Defendants Are Not Citizens Of California.

For diversity determination purposes, all Defendants are diverse from Plaintiff because no Defendant is a citizen of California.  Indeed, Plaintiff does not allege that any Defendant is a citizen of California.  Ex. A, Compl. ¶¶ 8-12.

---

[3] Moreover, Plaintiff's publicly-available FINRA registration and employment history shows that he has been employed in the state of California since at least 1989, which further establishes his domicile in California.  *See* http://brokercheck.finra.org/Support/ReportViewer.aspx?SearchGroup=Individual&FirmKey=-1&BrokerKey=2803405&IndvlBCCtgry=1&IndvlIACtgry=1.  FINRA records and corporate filings may be judicially noticed.  *See* Fed. R. Evid. 201(b) (courts may take judicial notice of facts capable of determination by sources whose accuracy cannot reasonably be questioned); *see KZSA Broadcasting, Inc. v. Immaculate Heart Radio Ed. Broadcasting, Inc.*, No. 2:10-cv-01213-GEB-EFB, 2010 U.S. Dist. LEXIS 134287, *4-5 (E.D. Cal. Dec. 20, 2010) (corporate documents are matters of public record and may be judicially noticed).  Plaintiff's Form U4 also confirms that he lived in the state of California from at least September 2000 through July 7, 2010, the date on which Plaintiff signed the Form.  Ex. B, Cintron Decl. ¶ 6.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

5                                    DEFENDANTS' NOTICE OF REMOVAL

JPMorgan Chase Bank, N.A. is, and at all pertinent times was, a federally chartered national bank with Columbus, Ohio designated in its articles of association as the locus of its main office. *See* Ex. D, Articles of Association for JPMorgan Chase Bank (As Amended June 30, 2008).  Pursuant to 28 U.S.C. §§ 1332 and 1348, and the United States Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office), JPMorgan Chase Bank, N.A. is "located," for diversity purposes, in Columbus, Ohio, making it diverse from Plaintiff.

JPMorgan Chase & Co. is an international holding company incorporated in Delaware with a principal place of business in New York, New York. *See* Ex. E, Relevant portions of Form 10-K for JPMorgan Chase & Co., for the fiscal year ended December 31, 2010, available at: http://edgar.sec.gov/Archives/edgar/data/ 19617/000095012311019773/y86143e10vk.htm.  Thus, it is not a citizen of California and is diverse from Plaintiff.

Defendant Chase Investment Services Corp. is incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. *See*, *e.g.*, Ex. F, State of Illinois Corporation File Detail Report for Chase Investment Services Corp., available at http://www.ilsos.gov/corporatellc/Corporate LlcController.  Thus, it also is not a citizen of California, and is diverse from Plaintiff.

Although Plaintiff has named 10 fictitiously named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

6                    DEFENDANTS' NOTICE OF REMOVAL

1    Accordingly, none of the defendants is a citizen of California, and complete

2  diversity of citizenship exists.

3           2.    **The Amount in Controversy Exceeds $75,000.**

4    Federal district courts have original jurisdiction of civil actions where the

5  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

6  costs. 28 U.S.C. § 1332(a). The amount in controversy here far exceeds $75,000.

7    Plaintiff has alleged that, "[t]he amount in controversy *for Plaintiff*, including

8  claims for civil penalties and *pro rata share of* attorneys' fees, is less than seventy

9  five thousand dollars." Ex. A, Compl. ¶ 2 (emphasis added). But the amount in

10  controversy relative to *Plaintiff* alone is not relevant to determining whether the

11  threshold amount in controversy is met under 28 U.S.C. § 1332(a) because Plaintiff

12  seeks to recover not only civil penalties under PAGA *for himself*, but also for a

13  group of nearly 700 other allegedly aggrieved current and former Chase Financial

14  Advisors. Ex. A, Compl. Prayer for Relief ¶¶1-4; Citron Decl. ¶ 3 (attesting that

15  699 Financial Advisors worked for Chase in the State of California from June 8,

16  2010 to August 5, 2011). The amount in controversy in Plaintiff's PAGA claim is

17  predicated on the total amount of penalties that can be sought by Plaintiff as the

18  proxy of the LWDA, including his own personal "share" of such penalties and

19  attorneys' fees and the share of each allegedly aggrieved employee. *See Thomas v.*

20  *Aetna Health of California, Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist.

21  LEXIS 59377, *58 (E.D. Cal. June 2, 2011) (recommending denial of motion for

22  remand, as the amount in controversy for PAGA claim exceeded $75,000 based on

23  the penalties and fees for violations alleged as to all aggrieved employees). As a

24  result, under *Thomas v. Aetna*, a PAGA claim under § 2699 is excepted from the

25  general rule that, for purposes of establishing diversity jurisdiction (absent

26  applicability of CAFA), the claims of multiple plaintiffs are not aggregated to

27  establish the amount in controversy. *Id.* at 46-58 (likening a PAGA claim to a

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

7              DEFENDANTS' NOTICE OF REMOVAL

DB2/ 22608986.2

shareholder derivative suit where the amount in controversy is predicated on damages sustained by the corporation – as opposed to the named individual shareholder; "the amount at stake in a PAGA claim is predicated on the total amount of the penalties that can be sought by the aggrieved employees as the proxy of the LWDA").

Plaintiff here never identifies the full amount in controversy. The Prayer for Relief provides only that "Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally . . . [f]or penalties and attorneys' fees in excess of twenty-five thousand dollars ($25,000)." Ex. A, Compl. Prayer for Relief ¶ 1. Where, as here, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . we apply a preponderance of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). To meet this standard, Chase need only show that it is more likely than not that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

8

DEFENDANTS' NOTICE OF REMOVAL

Although Chase denies Plaintiff's factual allegations and denies that Plaintiff or the allegedly aggrieved employees on whose behalf he purports to seek penalties are entitled to the relief for which Plaintiff has prayed, Plaintiff's allegations and prayer for relief have put into controversy an amount that exceeds the $75,000 threshold when aggregating the claims of the aggrieved employees.

### a.   **PAGA Penalties**

The penalties available under PAGA are those provided by the underlying Labor Code provision that is violated or, if no penalty is listed, those provided by PAGA itself. Labor Code § 2699(f)(2). Where the Labor Code does not provide for a penalty, PAGA provides a civil penalty of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation. *Id.* There is a one-year statute of limitations for PAGA claims. Cal. Civ. Proc. Code § 340.

Here, Plaintiff prays for relief consisting of, "civil penalties pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g) [PAGA], plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802; and [f]or such other and further relief as the Court may deem equitable and appropriate." Thus, Plaintiff seeks PAGA civil penalties for at least seven separate Labor Code violations: (1) failure to provide complete and accurate wage statements, (2) waiting time penalties for failure to timely pay all wages upon discharge, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to pay overtime wages, (6) failure to timely pay all wages during employment, and (7) failure to reimburse business-related expenses. As set forth below, the amount in controversy for even a single of these alleged violations well exceeds $75,000.

**PAGA Penalties For Deficient Wage Statements**. Plaintiff alleges he and a group of nearly 700 aggrieved employee Financial Advisors were misclassified as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

9

DEFENDANTS' NOTICE OF REMOVAL

exempt. Ex. A, Compl. ¶ 21; Ex. B, Citron Decl. ¶ 3. He further alleges that Cal. Lab. Code § 226 required that Chase provide Financial Advisors wage statements showing the number of hours that they worked and that Chase did not do so. Ex. A, Compl. ¶¶ 45-46. Thus, Plaintiff's misclassification allegation places in controversy PAGA penalties for every pay statement issued to a Financial Advisor since July 8, 2010.

During the relevant period, Chase pays California Financial Advisors on a twice-monthly basis, for a total of 24 pay periods per year. Ex. B, Cintron Decl. ¶ 4. Since Plaintiff filed his Complaint on July 8, 2011, there have been an additional 2 pay periods, for a total of 26 pay periods during the limitations period. *Id.* As demonstrated by Chase's official records, the actual number of pay periods worked by Plaintiff and allegedly aggrieved California Financial Advisors during the relevant time period is 14,527 pay periods. Ex. C, Gonell Decl. ¶ 2.

The penalty at issue for each employee asserting violations of Labor Code § 226 would be $50 for the initial pay period in which a violation occurs, and $100 for each violation in a remaining pay period, not exceeding an aggregate penalty under § 226 of $4,000 per employee. Lab. Code § 226(e). Multiplying the $50 penalty for initial violations by the 699 Financial Advisors that Chase employed in California from July 8, 2010 to the present yields penalties of $34,950. Applying the $100 Lab. Code §226(e) penalty amount to the remaining 13,828 pay periods (14,527 – 699 = 13,828), the additional PAGA penalty amount in controversy for the remaining pay periods of deficient pay statements is $1,382,800. Adding these amounts together shows that **$1,417,750** in PAGA penalties is in controversy as to the alleged Labor Code § 226 violations alone.

**Waiting Time Penalties.** Labor Code Section 203 provides that if an employer willfully fails to pay wages to a terminated employee, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

10                    DEFENDANTS' NOTICE OF REMOVAL

paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

Since July 8, 2010, Chase has employed 129 California Financial Advisors who have ended their employment with Chase. Ex. B, Cintron Decl. ¶ 3. Persons employed in these positions in California earn at least $33,600 per year in base salary, which is equivalent to $2,800 per month. Ex. B, Cintron Decl. ¶ 5.

Assuming the lowest applicable base salary and further assuming Plaintiff's allegations to be true – that each of these 129 former Financial Advisors is entitled to 30 days of wages as waiting time penalties – then the amount in controversy on this claim is at least **$361,200**.

**PAGA Penalties for Meal and Rest Breaks.** Plaintiff alleges that the very nature of Chase's business prevented Financial Advisors from taking breaks and lunch periods. Ex. A, Compl. ¶¶ 42-43 (alleging that Plaintiff and other aggrieved employees did not receive the requisite meal or rest periods "due to the flow of customers and high volume of work they had to complete at Defendants' banks."). Therefore, it is appropriate to calculate the penalties at issue based on Plaintiff's own allegation that each FA was unlawfully deprived of meal and rest breaks throughout the statute of limitations period. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149-50 (C.D. Cal. 2010) (plaintiff included no limitation on the number of violations, and, taking his complaint as true, defendants could properly calculate the amount in controversy based upon a 100% violation rate).

Applying a $100 PAGA penalty to each of the first 699 pay periods in which violations allegedly occurred ($69,900) and a $200 PAGA penalty to each of the 13,828 remaining pay periods ($2,765,600) yields a total amount in controversy on Plaintiff's meal period claims of **$2,835,500** ($69,900 + $2,765,600) and the same amount (**$2,835,500**) on Plaintiff's rest period claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

11                    DEFENDANTS' NOTICE OF REMOVAL

DB2/ 22608986.2

**Overtime Wages.**

Labor Code §§ 510 and 1198 do not specify penalties for failure to pay overtime pay. Therefore, PAGA default penalties apply to these claims. Plaintiff alleges that "he and other aggrieved employees were entitled to receive overtime wage[s]" for these hours. Ex. A, Compl. ¶ 21. Indeed, Plaintiff alleges that "[d]uring the relevant time period, [he] and other aggrieved employees worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. For example, Plaintiff and other aggrieved employees worked over ten (10) hours per day and approximately fifty-two (52) to fifty-eight (58) hours a week, without receiving overtime wages for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week." Ex. A, Compl. ¶ 41.

Accordingly, applying a $100 PAGA penalty to each of the first 699 pay periods in which violations occurred ($69,900) and a $200 PAGA penalty to each of the subsequent 13,828 pay periods ($2,765,600) yields a total amount in controversy on Plaintiff's overtime claims of **$2,835,500**.

**Late Wage Payment During Employment.** Labor Code § 210 assesses a $100 penalty for each failure to pay each employee for the first violation, and a $200 penalty for each failure to pay each employee for a subsequent violation, plus 25% of the amount unlawfully withheld.

As set forth above, in light of Plaintiff's allegations regarding unpaid overtime and meal and rest break premiums, Plaintiff's complaint also states claims that place in controversy late payment penalties for every Financial Advisor in every pay period worked.

Applying a $100 Labor Code § 210 penalty to each of the first 699 pay periods in which violations occurred ($69,900) and a $200 Labor Code § 210 penalty to each of the 13,828 remaining pay periods ($2,765,600) yields a total

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 22608986.2

12                DEFENDANTS' NOTICE OF REMOVAL

amount in controversy on Plaintiff's late wage payment claims of **$2,835,500** ($69,900 + $2,765,600) (before even adding the 25% of the amount unlawfully withheld).

### Total Amount Of PAGA Penalties In Controversy:

In sum, the allegations of Plaintiff's Complaint place in controversy at least the following amounts:

| Alleged Labor Code Violation | Penalties In Controversy |
| --- | --- |
| Penalties for deficient wage statements | $1,417,750 |
| Waiting time penalties | $361,200 |
| Penalties for failure to provide meal breaks | $2,835,500 |
| Penalties for failure to provide rest breaks | $2,835,500 |
| Penalties for failure to pay overtime | $2,835,500 |
| Late wage payment penalties | $2,835,500 |

| **Total PAGA penalties in controversy:** | **$13,120,950** |
| --- | --- |

#### b.   Attorneys' Fees

Plaintiff also seeks recovery of attorneys' fees. Ex. A, Compl. Prayer for Relief ¶ 1. Attorneys' fees are properly included in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").

Although Chase denies Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. *See Molnar v. 1-800-Flowers.com, Inc.*, No. 08-CV-0542-CAS-JCx, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) ("fair estimate of attorneys' fees in this action is 25% of compensatory damages"); *Tompkins v.*

*Basic Research LL*, No. CIV. S08244-LKK-DAD, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) (when calculating attorneys' fees for remand purposes, a reasonable estimate is 25% of the common fund). Indeed, Plaintiff's counsel Initiative Law Group has, in other litigation, sought court approval of a fee award comprising one-third of a total settlement amount. *See Franco v. Ross Stores, Inc.*, Case No. BC 298950 – Los Angeles County, Notice of Motion and Motion in Support of Preliminary Approval of a Class Action Settlement (Cal. Super. Ct., L.A. County. Oct. 11, 2006) (seeking preliminary approval of $1 million payment of attorneys' fees and costs where defendant agreed to pay $3 million to resolve the class actions).

Here, 25% of the total PAGA penalties placed in controversy is **$3,280,237.50**

Thus, including attorneys' fees, the total amount placed in controversy by Plaintiff's Complaint is at least **$16,401,187.50**.

**B.     In The Alternative, This Court Has Original Subject Matter Jurisdiction Under CAFA.**

CAFA expressly provides that actions where a plaintiff is proceeding as a "representative" of other individuals, as here, are covered by its provisions. Moreover, diversity of citizenship exists between Plaintiff and one or more defendants, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453. Removal under CAFA diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

**1.     Plaintiff's PAGA Suit Is A Class Action Under CAFA.**

CAFA provides for removal of class actions involving parties with minimal diversity. 28 U.S.C. §1332(d)(2). CAFA defines a "class action" as, "[a]ny civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

14     DEFENDANTS' NOTICE OF REMOVAL

DB2/ 22608986.2

statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

"In passing CAFA, Congress emphasized that the term 'class action' should be defined broadly to prevent 'judicial gamesmanship:' . . . Its application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority.  Generally speaking, lawsuits that *resemble* a purported class action should be considered class action for the purpose of applying these provisions." *Caldwell v. Allstate Insurance Co.*, 536 F.3d 418, 423-24 (5th Cir. 2008) (affirming order denying remand, finding case was properly removed under CAFA) (citing S. Rep. No. 109-14, at 35 (2005) (emphasis added)).

A representative PAGA action not only "resembles" a class action, but federal courts have held that actions for relief under PAGA are class actions subject to Federal Rule of Civil Procedure 23.  *See Thompson v. APM Pacific Terminals, Ltd.*, No. 3:10-cv-00677, 2010 WL 6309364, *2 (N.D. Cal. Aug. 26, 2010) (holding that a plaintiff who seeks to bring a representative PAGA action on behalf of non-party, unnamed, aggrieved employees in federal court must meet federal procedural requirements under Rule 23); *Adams v. Luxottica*, No. 8:07-cv-01465, 2009 U.S. Dist. LEXIS 130660, *6-9 (C.D. Cal. July 24, 2009) (plaintiff lacked standing to bring a non-class representative PAGA claim on behalf of other aggrieved employees because the action was not brought as a class action in compliance with Federal Rule 23).

## 2. **Minimum Diversity Exists.**

In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, that one putative class member is a citizen of a different state from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-

91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. §1332(d)(2)). Here, as set forth in Section II.A.1. above, complete diversity of citizenship exists because Plaintiff is a citizen of California, while none of the defendants is a citizen of California.

### 3. The Amount In Controversy Exceeds $5 Million.

Pursuant to CAFA, the amount in controversy component of diversity jurisdiction is satisfied when the aggregated claims of the individual members in a class action exceed the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6). Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the *viewpoint of the defendant,* and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)." Senate Judiciary Report, S. REP. 109-14, at 42.

As set forth above, because Plaintiff does not expressly plead a specific amount of damages, Chase need only show that it is more likely than not that the amount in controversy exceeds $5 million. *Singer,* 116 F.3d at 376.

Here, Plaintiff expressly prays "for civil penalties pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g), plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802." Ex. A, Compl., Prayer for Relief ¶ 3. Thus, Plaintiff's Complaint expressly seeks to recover PAGA penalties for each violation.[4] *See Schiller v. David's Bridal, Inc.,* No. 1:10-cv-00616 AWI SKO, 2010 U.S. Dist. LEXIS 81128, **15-18 (E.D. Cal. Jul. 14, 2010).

---

[4] Chase disputes that PAGA penalties may be "stacked" – in other words, assessing a penalty for each Labor Code violation separately alleged by Plaintiff – but because Plaintiff's complaint seeks "stacked" PAGA penalties, they must be counted as such to determine the amount in controversy. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn,* 536 F. Supp. 2d at 1205 (citing *Rippee v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

16

DEFENDANTS' NOTICE OF REMOVAL

As set forth above in Section I.A.2., although Chase denies Plaintiff's factual allegations and denies that Plaintiff or the allegedly aggrieved employees that he seeks to represent are entitled to the relief for which Plaintiff has prayed, his allegations and prayer for relief have put into controversy an amount that well exceeds the $5 million threshold when aggregating the claims of the aggrieved employees, as set forth in 28 U.S.C. § 1332(d)(6).  Indeed, Plaintiff's Complaint places at least **$16,401,187.50** in controversy.

## IV.   VENUE

This action was originally filed in the Superior Court for the County of Los Angeles and is therefore removable to this district.  28 U.S.C. § 1441(a).

## V.   NOTICE

Chase will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

A true and correct copy of the Declaration of Trese C. Cintron in support of removal is attached hereto as Exhibit B.

A true and correct copy of the Declaration of Carrie A. Gonell in support of removal is attached hereto as Exhibit C.

A true and correct copy of JPMorgan Chase Bank, N.A.'s Articles of Association, As Amended June 30, 2008, is attached hereto as Exhibit D.

A true and correct copy of relevant portions of the Form 10-K for JPMorgan Chase & Co., for the fiscal year ended December 31, 2010, is attached hereto as Exhibit E.

*Boston Market Corp.*, 408 F. Supp. 2d at 986).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22608986.2

17

DEFENDANTS' NOTICE OF REMOVAL

1

2

    A true and correct copy of the State of Illinois Corporation File Detail Report

3

for Chase Investment Services Corp., is attached hereto as Exhibit F.

    A true and correct copy of Chase's Answer, filed in the Superior Court, is

4

attached hereto as Exhibit G.

5

**VI.   CONCLUSION**

6

    Based on the foregoing, Chase respectfully requests that this action be

7

removed to this Court.  If any question arises as to the propriety of the removal of

8

this action, Chase requests the opportunity to present a brief and oral argument in

9

support of its position that this case is removable.

10

11

Dated:   August 12, 2011             MORGAN, LEWIS & BOCKIUS LLP

12

13

By_____

14

Carrie A. Gonell

Attorneys for Defendants

15

CHASE INVESTMENT SERVICES

CORP., JPMORGAN CHASE

16

BANK, N.A., and JPMORGAN

CHASE & CO.

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

18              DEFENDANTS' NOTICE OF REMOVAL

DB2/ 22608986.2

# EXHIBIT "A"

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 8'' 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

1   Miriam Schimmel (SBN 185089)
    MSchimmel@InitiativeLegal.com
2   Andrew Sokolowski (SBN 226685)
    ASokolowski@InitiativeLegal.com
3   Joshua Carlon (SBN 263838)
    JCarlon@InitiativeLegal.com
4   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone:    (310) 556-5637
6   Facsimile:    (310) 861-9051
7
    Attorneys for Plaintiff Joseph Baumann
8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11

12   JOSEPH BAUMANN, individually, and on      Case No.:  BC 464979
     behalf of other members of the general
13   public similarly situated,                COMPLAINT FOR ENFORCEMENT OF
                                                THE PRIVATE ATTORNEYS GENERAL
14            Plaintiff,                        ACT, CALIFORNIA LABOR CODE
                                                §§ 2698 ET SEQ.
15       vs.
                                                (1)  Violation of Labor Code §§ 2698, et seq.
16   CHASE INVESTMENT SERVICES                       ("PAGA").
     CORP., a Delaware corporation;
17   JPMORGAN CHASE BANK, a New York          **Jury Trial Demanded**
     corporation; JPMORGAN CHASE & CO.,
18   a Delaware corporation; and DOES 1
     through 10, inclusive,
19
              Defendants.
20

21

22

23

24

25

26

27

28

                                  COMPLAINT

EXHIBIT "A" - PAGE 2

Plaintiff, individually and on behalf of all other aggrieved employees alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     The amount in controversy for Plaintiff, including claims for civil penalties and pro rata share of attorneys' fees, is less than seventy five thousand dollars ($75,000).

3.     This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail itself of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

5.     California Labor Code sections 2699 et seq., the "Labor Code Private Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

6.     Plaintiff timely provided notice on July 6, 2011 to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3(a).

## THE PARTIES

7.     Plaintiff JOSEPH BAUMANN is a resident of Riverside County, California.

8.     Defendant CHASE INVESTMENT SERVICES CORP. was and is, upon information and belief, a Delaware corporation, doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

EXHIBIT "A" - PAGE 3

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

9.      Defendant JPMORGAN CHASE BANK was and is, upon information and belief, a New York corporation, doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

10.     Defendant JPMORGAN CHASE & CO. was and is, upon information and belief, a Delaware corporation, doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

11.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

12.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of CHASE INVESTMENT SERVICES CORP., JPMORGAN CHASE BANK, and/or JPMORGAN CHASE & CO. at all relevant times.

13.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, CHASE INVESTMENT SERVICES CORP., JPMORGAN CHASE BANK, JPMORGAN CHASE & CO., and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

14.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

15.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

EXHIBIT "A" - PAGE 4

1   omissions, occurrences, and transactions alleged herein.

2   **GENERAL ALLEGATIONS**

3       16.    At all relevant times set forth, Defendants employed Plaintiff and other persons

4   as exempt or salaried employees.

5       17.    Defendants employed Plaintiff from June 2010 to January 2011. Defendants

6   classified Plaintiff as an exempt, salaried "Financial Advisor Associate" at Defendants' Los

7   Angeles, California business location. Plaintiff typically worked fifty-two (52) to fifty-eight

8   (58) hours per week.

9       18.    As a Financial Advisor Associate, Plaintiff spent the vast majority of his time

10   trying to sell Defendants' standardized investment products to customers. Specifically,

11   Defendants created and implemented a highly detailed script for Plaintiff and other Financial

12   Advisors to follow when attempting to sell Defendants' investment products to customers.

13   Defendants scripted every part of Financial Advisors' job duties, including what they were to

14   say to customers and which investment products they were to recommend to customers. As

15   such, Plaintiff and other Financial Advisors had little to no discretion in the performance of

16   their job duties. In fact, Defendants reprimanded Plaintiff and other Financial Advisors when

17   they did not follow Defendants' script. Defendants also required Plaintiff and other Financial

18   Advisors to make cold calls to existing bank customers and make appointments for the

19   customers to come into Defendants' banks. Moreover, Defendants regularly required Plaintiff

20   and other Financial Advisors to attend meetings to review their scripted sales pitches and

21   discuss their sales targets. Plaintiff did not have authority to hire or fire Defendants'

22   employees.

23       19.    Defendants continue to employ exempt or salaried Financial Advisors within

24   California.

25       20.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

26   mentioned, Defendants were advised by skilled lawyers and other professionals, employees

27   and advisors knowledgeable about California labor and wage law, employment and personnel

28   practices, and about the requirements of California law.

Page 3

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

EXHIBIT "A" - PAGE 5

21.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants engaged in a systematic business practice and policy of misclassifying Plaintiff and other Financial Advisors as exempt from the requirements of the California Labor Code and the applicable IWC Wage Orders.  Plaintiff, while employed by Defendants as a Financial Advisor Associate, worked long hours, in excess of eight (8) hours in a day or forty (40) hours in a week.  Plaintiff worked over ten (10) hours per day and approximately fifty-two (52) to fifty-eight (58) hours per week.  Moreover, the majority of Plaintiff's work for Defendants was non-managerial in nature and Plaintiff did not possess the authority to hire or fire Defendants' employees.  Defendants willfully, knowingly and intentionally misclassified Plaintiff and other aggrieved employees and falsely represented to Plaintiff that he was properly classified all in order to avoid paying overtime wages and increase Defendants' profits.

22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and other aggrieved employees' regular rate of pay each day they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and other aggrieved employees' regular rate of pay each day they did not receive a timely uninterrupted meal period.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and other aggrieved employees' regular rate of pay each day a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and other aggrieved

EXHIBIT "A" - PAGE 6

1    employees' regular rate of pay each day a rest period was missed.

2         25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3    should have known that Plaintiff and other aggrieved employees were entitled to timely

4    payment of wages during their employment.  In violation of the California Labor Code,

5    Plaintiff and other aggrieved employees did not receive payment of all wages, including, but

6    not limited to, overtime wages and missed meal and rest period premiums, within permissible

7    time periods.

8         26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9    should have known that Plaintiff and other aggrieved employees were entitled to timely

10   payment of all wages upon termination.  In violation of the California Labor Code, Plaintiff

11   and other aggrieved employees did not receive payment of all wages, including, but not

12   limited to, overtime wages and missed meal and rest period premiums, within permissible

13   time periods.

14        27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15   should have known that Plaintiff and other aggrieved employees were entitled to receive

16   complete and accurate wage statements in accordance with California law.  In violation of the

17   California Labor Code, Plaintiff and other aggrieved employees were not provided complete

18   and accurate wage statements.

19        28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20   should have known that Plaintiff and other aggrieved employees were entitled to receive full

21   reimbursement for all business-related expenses and costs they incurred during the course and

22   scope of their employment, and that they did not receive full reimbursement of applicable

23   business-related expenses and costs they incurred.

24        29.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

25   mentioned, Defendants knew or should have known that they had a duty to compensate

26   Plaintiff and other aggrieved employees, and that Defendants had the financial ability to pay

27   such compensation, but willfully, knowingly and intentionally failed to do so, and falsely

28   represented to Plaintiff and other aggrieved employees that they were properly denied wages,

COMPLAINT

EXHIBIT "A" - PAGE 7

all in order to increase Defendants' profits.

30.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

31.    At all times herein set forth, PAGA provides that any civil penalty which may be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

32.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

33.    Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

34.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

      (a)    The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

      (b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, 2ND FLOOR, LOS ANGELES, CALIFORNIA 90067

1      the LWDA Notice, or if the LWDA Notice is not provided within thirty-

2      three (33) calendar days of the postmark date of the Employee's Notice,

3      the aggrieved employee may commence a civil action pursuant to

4      California Labor Code section 2699 to recover civil penalties in addition

5      to any other penalties to which the employee may be entitled.

6      35.    On July 6, 2011, Plaintiff provided written notice by certified mail to the

7   LWDA and to Defendants of the specific provisions of the California Labor Code alleged to

8   have been violated, including the facts and theories to support the alleged violations, pursuant

9   to California Labor Code section 2699.3.

10      36.    Therefore, as of July 6, 2011, the administrative prerequisites under California

11   Labor Code section 2699.3(a) are satisfied and Plaintiff has authorization to recover civil

12   penalties against Defendants, in addition to other remedies, for violations of California Labor

13   Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802, unless

14   the LWDA provides timely notice of its intent to investigate Plaintiff's Labor Code claims.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 2698, et seq.

### (Against All Defendants)

18      37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

19   material allegations set out in paragraphs 1 through 36.

20      38.    California Labor Code sections 2698, et seq. ("PAGA") permits Plaintiff to

21   recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor

22   Code section 2699.5.

23      39.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

24   plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

25   under this part at any time within 60 days of the time periods specified in this part."

26      40.    Defendants' conduct, as alleged herein, violates numerous sections of the

27   California Labor Code, including, but not limited to, the following:

28

EXHIBIT "A" - PAGE 9

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(a)  Violation of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay;

(b) ' Violation of Labor Code sections 226.7 and 512 for failure to provide all meal and rest breaks to Plaintiff and other aggrieved employees;

(c)  Violation of Labor Code sections 2800 and 2802 for failure to reimburse Plaintiff and other aggrieved employees for necessary business-related expenses incurred;

(d)  Violation of Labor Code section 226 for failure to provide accurate wage statements;

(e)  Violation of Labor Code sections 201 and 202 for failure to timely pay all earned wages to Plaintiff and other aggrieved employees upon discharge; and

(f)  Violation of Labor Code section 204 for failure to timely pay all earned wages to Plaintiff and other aggrieved employees during employment;

41.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work. Specifically, California Labor Code section 1198 and the applicable IWC Wage Order provide that Defendants are and were required to pay Plaintiff and other aggrieved employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek; Plaintiff and other aggrieved employees working more than twelve (12) hours in a day are and were entitled to be paid at a rate of two times their regular rate of pay. During the relevant time period, Plaintiff and other aggrieved employees worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a

EXHIBIT "A" - PAGE 10

1  day, and/or in excess of forty (40) hours in a week.  For example, Plaintiff and other aggrieved

2  employees worked over ten (10) hours per day and approximately fifty-two (52) to fifty-eight

3  (58) hours a week, without receiving overtime wages for hours worked in excess of eight (8)

4  hours in a day or forty (40) hours in a week.  Defendants' failure to pay Plaintiff and other

5  aggrieved employees the unpaid balance of overtime compensation, as required by California

6  law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore

7  unlawful.

8       42.      California Labor Code section 226.7 provides that no employer shall require an

9  employee to work during any meal period mandated by an applicable order of the California

10  IWC.  The applicable IWC Wage Order and California Labor Code section 512(a) provide

11  that an employer may not require, cause or permit an employee to work for a period of more

12  than five (5) hours per day without providing the employee with an uninterrupted meal period

13  of not less than thirty (30) minutes, except that if the total work period per day of the

14  employee is not more than six (6) hours, the meal period may be waived by mutual consent of

15  both the employer and the employee. California Labor Code section 512(a) also provides that

16  an employer may not employ an employee for a work period of more than ten (10) hours per

17  day without providing the employee with a second meal period of not less than thirty (30)

18  minutes, except that if the total hours worked is no more than twelve (12) hours, the second

19  meal period may be waived by mutual consent of the employer and the employee only if the

20  first meal period was not waived.  During the relevant time period, Plaintiff and other

21  aggrieved employees did not receive timely, uninterrupted meal periods of at least thirty (30)

22  minutes.  For example, Plaintiff and other aggrieved employees could not take meal periods

23  due to the flow of customers and high volume of work they had to complete at Defendants'

24  banks.  Defendants failed to pay Plaintiff and other aggrieved employees the full meal period

25  premium due pursuant to California Labor Code section 226.7.

26       43.      California Labor Code section 226.7 also provides that no employer shall

27  require an employee to work during any rest period mandated by an applicable order of the

28  California IWC.  The applicable IWC Wage Order provides that "[e]very employer shall

Page 9

COMPLAINT

EXHIBIT "A" - PAGE 11

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  authorize and permit all employees to take rest periods, which insofar as practicable shall be

2  in the middle of each work period" and that the "rest period time shall be based on the total

3  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

4  fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

5  During the relevant time period, Plaintiff and other aggrieved employees did not receive a ten

6  (10) minute rest period for every four (4) hours worked due to the flow of customers and high

7  volume of work they had to complete at Defendants' banks.  Defendants failed to pay Plaintiff

8  and other aggrieved employees the full rest period premium due pursuant to California Labor

9  Code section 226.7.

10      44.     California Labor Code sections 2800 and 2802 provide that an employer must

11  reimburse employees for all necessary expenditures.  During the relevant time period, Plaintiff

12  and other aggrieved employees incurred necessary business-related expenses and costs that

13  were not fully reimbursed by Defendants.  Defendants had, and continue to have, a policy of

14  not reimbursing employees, including Plaintiff, for mileage expenses necessarily incurred

15  during the performance of their job duties.  For example, Plaintiff and other aggrieved

16  employees had to drive from his bank branch to attend mandatory meetings at other locations,

17  but was not reimbursed for his mileage expenses.

18      45.     California Labor Code section 226(a) provides that every employer shall

19  furnish each of his or her employees an accurate itemized wage statement in writing, including

20  the name and address of the legal entity that is the employer, total hours worked and all

21  applicable hourly rates, among other things.  Defendants have intentionally and willfully

22  failed to provide employees with complete and accurate wage statements.  The deficiencies

23  include, among other things, the failure to accurately list the total hours worked by Plaintiff

24  and other aggrieved employees.  As a result of Defendants' violation of California Labor Code

25  section 226(a), Plaintiff and other aggrieved employees have suffered injury and damage to

26  their statutorily protected rights.  Specifically, Plaintiff and other aggrieved employees have

27  been injured by Defendants' intentional violation of California Labor Code section 226(a)

28  because they were denied both their legal right to receive, and their protected interest in

EXHIBIT "A" - PAGE 12

1    receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In

2    addition, because Defendants failed to provide the accurate number of total hours worked on

3    wage statements, Plaintiff has been prevented by Defendants from determining if all hours

4    worked were paid and the extent of the underpayment.  Plaintiff has had to file this lawsuit,

5    conduct discovery, reconstruct time records, and perform computations in order to analyze

6    whether in fact Plaintiff was paid correctly and the extent of the underpayment, thereby

7    causing Plaintiff to incur expenses and lost time.  Plaintiff would not have had to engage in

8    these efforts and incur these costs had Defendants provided the accurate number of total hours

9    worked.  This has also delayed Plaintiff's ability to demand and recover the underpayment of

10   wages from Defendants.

11        46.    California Labor Code sections 201 and 202 provide that if an employer

12   discharges an employee, the wages earned and unpaid at the time of discharge are due and

13   payable immediately, and that if an employee voluntarily leaves his or her employment, his or

14   her wages shall become due and payable not later than seventy-two (72) hours thereafter,

15   unless the employee has given seventy-two (72) hours previous notice of his or her intention

16   to quit, in which case the employee is entitled to his or her wages at the time of quitting.

17   During the relevant time period, Defendants wilfully failed to pay Plaintiff and other

18   aggrieved employees who are no longer employed by Defendants all their earned wages,

19   including overtime and missed meal and rest period premiums, either at the time of discharge,

20   or within seventy-two (72) hours of their leaving Defendants' employ.  Defendants' failure to

21   pay Plaintiff and other aggrieved employees who are no longer employed by Defendants all

22   their earned wages, including, but not limited to, overtime and missed meal and rest period

23   premiums, at the time of discharge, or within seventy-two (72) hours of their leaving

24   Defendants' employ, is in violation of California Labor Code sections 201 and 202.

25        47.    California Labor Code section 204 requires that all wages earned by any person

26   in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

27   than those wages due upon termination of an employee, are due and payable between the 16th

28   and the 26th day of the month during which the labor was performed, and that all wages

EXHIBIT "A" - PAGE 13

1  earned by any person in any employment between the 16th and the last day, inclusive, of any

2  calendar month, other than those wages due upon termination of an employee, are due and

3  payable between the 1st and the 10th day of the following month.  California Labor Code

4  section 204 also requires that all wages earned for labor in excess of the normal work period

5  shall be paid no later than the payday for the next regular payroll period.  During the relevant

6  time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to

7  them within any time period specified by California Labor Code section 204 including, but not

8  limited to, overtime and premium wages for meal and rest breaks that were not provided.

9      48.      Pursuant to California Labor Code sections 2699(a), 2699.3, and 2699.5,

10  Plaintiff and all other aggrieved employees are entitled to recover civil penalties against

11  Defendants, in addition to other remedies, for violations of California Labor Code sections

12  201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802.

### REQUEST FOR JURY TRIAL

14  Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

16  Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment

17  against Defendants, jointly and severally, as follows:

18      1.      For penalties and attorneys' fees in excess of twenty-five thousand dollars

19  ($25,000).

### As to the First Cause of Action

21      2.      That the Court declare, adjudge and decree that Defendants violated the

22  following California Labor Code sections: 510 and 1198 (by failing to provide Plaintiff and

23  other aggrieved employees all overtime compensation), 226.7 and 512 (by failing to provide

24  all meal and rest periods and failing to pay for all missed meal and rest periods), 226(a) (by

25  failing to provide accurate wage statements), 201, 202, 203, 204 (by failing to pay all earned

26  wages during employment and upon termination), and 2800 and 2802 (by failing to reimburse

27  for all business expenses necessarily incurred).

28      3.      For civil penalties pursuant to California Labor Code sections 2699(a) and/or

Page 12

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    2699(f) and (g), plus costs and attorneys' fees, for violations of California Labor Code

2    sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1198, 2800, and 2802; and

3          4.    For such other and further relief as the Court may deem equitable and

4    appropriate.

5

6    Dated:  July 7, 2011                    Respectfully submitted,

7                                            Initiative Legal Group APC

8

9                                     By:   _____

10                                          Miriam Schimmel
                                            Andrew Sokolowski
11                                          Joshua Carlon

12                                          Attorneys for Plaintiff Joseph Baumann

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Miriam Schimmel (185089), Andrew Sokolowski (226685), Joshua Carlon (263838)<br>Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 556-5637    FAX NO.: (310) 861-9051<br>ATTORNEY FOR *(Name):* Plaintiff Joseph Baumann | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 8 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
 CITY AND ZIP CODE: Los Angeles, California 90012
 BRANCH NAME: Stanley Mosk

CASE NAME:
Baumann v. Chase Inv. Serv. Corp., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER BC 464979 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | | |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort** | | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
 b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
  issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
 c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* (1) One
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 7, 2011
Joshua Carlon
_____      ►  _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT "A" – PAGE 16

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

Page 2 of 2

EXHIBIT "A" – PAGE 17

● ORIGINAL ●

BC464979

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Baumann v. Chase Inv. Serv. Corp., et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10-15   ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District.  6. Location of property or permanently garaged vehicle.<br>2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).  7. Location where petitioner resides.<br>3. Location where cause of action arose.  8. Location wherein defendant/respondent functions wholly.<br>4. Location where bodily injury, death or damage occurred.  9. Location where one or more of the parties reside.<br>5. Location where performance required or defendant resides.  10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT "A" - PAGE 18

| SHORT TITLE: Baumann v. Chase Inv. Serv. Corp., et al. | | CASE NUMBER | |
|---|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., ②, 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT "A" - PAGE 19

| SHORT TITLE: Baumann v. Chase Inv. Serv. Corp., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 6. |
| Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

Left margin (bottom-to-top): Judicial Review ('Cont'd.) — Provisionally Complex Litigation — Enforcement of Judgment — Miscellaneous Civil Complaints — Miscellaneous Civil Petitions

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EXHIBIT "A" - PAGE 20

| SHORT TITLE:<br>Baumann v. Chase Inv. Serv. Corp., et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE | | ADDRESS:<br>15200 West Sunset Boulevard |
|---|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90272 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 7, 2011

(SIGNATURE OF ATTORNEY/FILING PARTY)

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT "A" - PAGE 21

# EXHIBIT "B"

1 MORGAN, LEWIS & BOCKIUS LLP
  CARRIE A. GONELL, SBN 257163
2 e-mail: cgonell@morganlewis.com
  5 Park Plaza, Suite 1750
3 Irvine, CA 92614
  Tel: 949.399.7000
4 Fax: 949.399.7001

5

  Attorneys for Defendants
6 CHASE INVESTMENT SERVICES
  CORP., JPMORGAN CHASE BANK,
7 N.A. and JPMORGAN CHASE & CO.

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10 JOSEPH BAUMANN, individually, Case No.
  and on behalf of other members of
11 the general public similarly situated,

          **DECLARATION OF TRESE C.**
12     Plaintiff,  **CINTRON IN SUPPORT OF**
          **REMOVAL TO THE UNITED STATES**
13   vs.     **DISTRICT COURT FOR THE**
          **CENTRAL DISTRICT OF**
14 CHASE INVESTMENT SERVICES **CALIFORNIA**
  CORP., a Delaware corporation;
15 JPMORGAN CHASE BANK, a Diversity Jurisdiction and Jurisdiction
  New York corporation; JP Under The Class Action Fairness Act
16 MORGAN CHASE & CO., a
  Delaware corporation; and DOES 1 [28 U.S.C. §§ 1332, 1441, 1446 and 1453]
17 through 10, inclusive,

18     Defendants.

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 22611144.2

DECL. IN SUPPORT OF REMOVAL
TO U.S.D.C., CENTRAL DISTRICT

EXHIBIT "B" - PAGE 23

# DECLARATION OF TRESE CINTRON

I, Trese Cintron, declare as follows:

1.     I currently serve as Vice President, HR Bus Partner – Manager II, for Defendant JPMorgan Chase Bank, N.A. ("Chase").  I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I could and would testify competently to these facts.

2.     Chase maintains information about its current and former employees in its PeopleSoft database.  The PeopleSoft database is the official record of an employee's official title while employed by Chase.  The PeopleSoft database also includes information about an employee's dates of employment, annual compensation earned, and last known address.  I have access to this information and have reviewed a report generated from this database of employees who worked as Financial Advisors in California from July 8, 2010 through August 5, 2011.

3.     From July 8, 2010 through August 5, 2011, Chase employed 699 Financial Advisors in California.  Of these, 129 have ended employment with Chase.  A copy of a report showing the date of each of Financial Advisor's entry into a Financial Advisor job held during the relevant period, and the end date of his or her employment in a Financial Advisor job, if any,[1] for Financial Advisors employed in California between July 8, 2010 and August 5, 2011, is attached hereto as Exhibit 1.  Employees' names have been redacted for privacy.

4.     Chase pays wages to Financial Advisors in California twice monthly (on the 15th and last day of the month), for a total of 24 pay periods per year.

5.     Persons employed in Financial Advisor positions in California from July 8, 2010 through August 5, 2011 earned at least $33,600 per year in base salary.

6.     Joseph Baumann's Form U4, which is maintained in the ordinary course of business of Chase, shows that he lived in the state of California from at

---

[1] The report shows an end date of 12/31/99 where the Financial Advisor remains in the position.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22611144.2

2

DECLARATION IN SUPPORT OF REMOVAL
TO U.S.D.C., CENTRAL DISTRICT

EXHIBIT "B" - PAGE 24

September

least ~~November~~ 2000 through July 7, 2010, the date on which Baumann signed the

Form.  A true and correct copy of the U4 ^relevant pages of is attached hereto as Exhibit 2.

I declare under penalty of perjury under the laws of the United States and the

State of California that the foregoing is true and correct.  Executed this 11th day of

August, 2011 at Chicago, Illinois.

_Trese C. Cintron_

8/11/11

**OFFICIAL SEAL**
**VICTOR D MARTINEZ**
Notary Public - State of Illinois
My Commission Expires Oct 7, 2014

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22607768.2

3

DECLARATION IN SUPPORT OF REMOVAL
TO U.S.D.C., CENTRAL DISTRICT

EXHIBIT "B" - PAGE 25

# EXHIBIT "1"

Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007)
07-08-2010 to 08-05-2011

| Jobcode Desc | Jobcode Effective Date | Jobcode End Date |
|---|---|---|
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 08/01/09 | 12/31/99 |
| Financial Advisor Associate | 08/01/09 | 12/31/99 |
| Financial Advisor | 04/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 03/31/11 |
| Financial Advisor | 10/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor Associate | 04/01/11 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/10 | 12/31/99 |
| Financial Advisor Associate | 09/21/09 | 12/31/99 |
| Financial Advisor Associate | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 09/28/09 | 12/31/99 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/01/11 | 04/30/11 |
| Financial Advisor Associate | 03/22/10 | 12/31/99 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 08/09/10 | 12/31/99 |
| Financial Advisor Associate | 10/18/10 | 12/31/99 |
| Financial Advisor Associate | 11/15/10 | 12/31/99 |
| Financial Advisor Associate | 11/30/10 | 12/31/99 |

Page 1 of 26

EXHIBIT "B" - PAGE 27

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor Associate | 02/28/11 | 12/31/99 |
| Financial Advisor Associate | 06/09/11 | 12/31/99 |
| Financial Advisor Associate | 06/27/11 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor | 04/01/10 | 05/31/10 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor | 03/01/07 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor. | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 01/01/09 | 05/31/10 |
| Financial Advisor | 12/01/08 | 12/31/08 |
| Financial Advisor Associate | 10/01/09 | 12/31/99 |
| Financial Advisor Associate | 01/01/10 | 02/06/11 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/31/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 07/31/10 | 12/31/99 |
| Financial Advisor Associate | 07/06/09 | 12/31/99 |
| Financial Advisor | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 04/30/11 |
| Financial Advisor | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 06/30/11 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 08/01/11 | 12/31/99 |

EXHIBIT "B" - PAGE 28

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Title | Date 1 | Date 2 |
|---|---|---|
| Financial Advisor Associate | 08/03/09 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/30/11 | 07/31/11 |
| Financial Advisor Associate | 09/15/09 | 12/31/99 |
| Financial Advisor Associate | 09/08/09 | 12/31/99 |
| Financial Advisor Associate | 09/17/09 | 12/31/99 |
| Financial Advisor Associate | 10/06/09 | 12/31/99 |
| Financial Advisor Associate | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 11/23/09 | 12/31/99 |
| Financial Advisor Associate | 11/23/09 | 12/31/99 |
| Financial Advisor Associate | 07/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/02/11 | 06/30/11 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 02/23/10 | 04/03/11 |
| Financial Advisor Associate | 02/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 12/01/10 | 01/31/11 |
| Financial Advisor Associate | 03/08/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 05/24/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/14/10 | 12/31/99 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/23/10 | 12/31/99 |
| Financial Advisor Associate | 07/06/10 | 12/31/99 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/27/10 | 12/31/99 |
| Financial Advisor Associate | 08/23/10 | 12/31/99 |
| Financial Advisor Associate | 08/30/10 | 12/31/99 |
| Financial Advisor Associate | 08/23/10 | 12/31/99 |
| Financial Advisor Associate | 09/20/10 | 12/31/99 |
| Financial Advisor Associate | 11/03/10 | 12/31/99 |
| Financial Advisor Associate | 02/03/11 | 12/31/99 |
| Financial Advisor Associate | 05/05/11 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 10/01/09 | 12/31/99 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/10/11 | 02/28/11 |

Financial Advisors in CA (job codes RT6146, 101005, 101006, 101106, 101007) 07-08-2010 to 08-05-2011

| | | |
|---|---|---|
| Financial Advisor Associate | 01/01/11 | 01/09/11 |
| Financial Adv Assoc Trainee | 08/01/11 | 12/31/99 |
| Financial Advisor | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 05/01/10 | 04/17/11 |
| Financial Advisor Associate | 04/12/10 | 12/31/99 |
| Financial Advisor | 01/01/11 | 12/31/99 |
| Financial Advisor | 08/17/09 | 12/31/10 |
| Financial Advisor Associate | 07/29/11 | 12/31/99 |
| Financial Advisor | 04/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 03/31/11 |
| Financial Advisor | 10/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 09/30/10 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| JPMC-Financial Advisor Associa | 03/30/09 | 06/30/09 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 06/30/11 |
| Financial Advisor | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/09/09 | 07/31/11 |
| Financial Advisor Associate | 08/03/09 | 12/31/99 |
| Financial Advisor Associate | 08/03/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/01/11 | 07/10/11 |
| Financial Advisor Associate | 09/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/15/09 | 12/31/99 |
| Financial Advisor Associate | 09/16/09 | 12/31/99 |
| Financial Advisor Associate | 09/30/09 | 12/31/99 |
| Financial Advisor Associate | 09/30/09 | 12/31/99 |
| Financial Advisor Associate | 09/28/09 | 08/31/11 |
| Financial Advisor Associate | 11/03/09 | 12/31/99 |
| Financial Advisor Associate | 12/01/09 | 12/31/99 |
| Financial Advisor Associate | 12/14/09 | 12/31/99 |
| Financial Advisor Associate | 12/14/09 | 12/31/99 |
| Financial Advisor Associate | 12/30/09 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |

EXHIBIT "B" - PAGE 30

**Financial Advisors in CA (job codes RT6146, 101005, 101006, 101106, 101007) 07-08-2010 to 08-05-2011**

| Job Title | Date 1 | Date 2 |
|---|---|---|
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 08/08/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/01/11 | 08/07/11 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 02/26/10 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/04/10 | 12/31/99 |
| Financial Advisor Associate | 06/07/10 | 12/31/99 |
| Financial Advisor Associate | 06/25/10 | 12/31/99 |
| Financial Advisor Associate | 06/30/10 | 12/31/99 |
| Financial Advisor Associate | 06/14/10 | 12/31/99 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 08/30/10 | 12/31/99 |
| Financial Advisor Associate | 08/31/10 | 12/31/99 |
| Financial Advisor Associate | 09/02/10 | 12/31/99 |
| Financial Advisor Associate | 09/07/10 | 12/31/99 |
| Financial Advisor Associate | 09/16/10 | 12/31/99 |
| Financial Advisor Associate | 09/27/10 | 12/31/99 |
| Financial Advisor Associate | 10/11/10 | 12/31/99 |
| Financial Advisor Associate | 10/04/10 | 12/31/99 |
| Financial Advisor Associate | 09/30/10 | 12/31/99 |
| Financial Advisor Associate | 10/18/10 | 12/31/99 |
| Financial Advisor Associate | 12/21/10 | 12/31/99 |
| Financial Advisor Associate | 04/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/31/11 | 03/31/11 |
| Financial Advisor Associate | 06/13/11 | 12/31/99 |
| Financial Advisor | 04/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/09 | 03/31/10 |
| Financial Advisor | 09/02/08 | 12/31/08 |
| Financial Advisor Associate | 09/01/09 | 12/31/99 |
| Financial Advisor Associate | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/23/10 | 12/31/99 |
| Financial Advisor Associate | 09/27/10 | 12/31/99 |
| Financial Advisor Associate | 03/31/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/11 | 12/31/99 |

EXHIBIT "B" - PAGE 31

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 06/30/11 |
| Financial Advisor Associate | 06/30/09 | 12/31/99 |
| Financial Advisor Associate | 09/04/09 | 12/31/99 |
| Financial Advisor Associate | 08/31/09 | 12/31/99 |
| Financial Advisor Associate | 09/08/09 | 12/31/99 |
| Financial Advisor Associate | 09/16/09 | 12/31/99 |
| Financial Advisor Associate | 10/19/09 | 12/31/99 |
| Financial Advisor Associate | 11/02/09 | 12/31/99 |
| Financial Advisor Associate | 04/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 02/01/11 | 03/31/11 |
| Financial Advisor Associate | 11/23/09 | 12/31/99 |
| Financial Advisor Associate | 12/01/09 | 12/31/99 |
| Financial Advisor Associate | 01/04/10 | 12/31/99 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 03/30/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 05/03/10 | 07/24/11 |
| Financial Advisor Associate | 05/12/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/11/10 | 06/26/11 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 07/31/10 | 12/31/99 |
| Financial Advisor Associate | 09/30/10 | 12/31/99 |
| Financial Advisor Associate | 09/27/10 | 12/31/99 |
| Financial Advisor Associate | 10/05/10 | 12/31/99 |
| Financial Advisor Associate | 10/25/10 | 12/31/99 |
| Financial Advisor Associate | 11/18/10 | 12/31/99 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Advisor Associate | 12/08/10 | 12/31/99 |
| Financial Advisor Associate | 03/14/11 | 12/31/99 |
| Financial Advisor Associate | 12/27/10 | 12/31/99 |
| Financial Advisor Associate | 03/04/11 | 12/31/99 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 03/30/11 | 05/31/11 |

Page 6 of 26

EXHIBIT "B" - PAGE 32

**Financial Advisors in CA (Job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Title | Start | End |
|---|---|---|
| Financial Advisor Associate | 04/06/11 | 12/31/99 |
| Financial Advisor Associate | 06/03/11 | 12/31/99 |
| Financial Advisor Associate | 05/06/11 | 12/31/99 |
| Financial Advisor Associate | 05/23/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/31/11 | 12/31/99 |
| Financial Advisor Associate | 06/06/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 05/14/07 | 12/31/99 |
| Financial Advisor Associate | 07/01/10 | 12/31/99 |
| Financial Advisor | 01/01/10 | 12/31/99 |
| Financial Advisor | 04/01/11 | 12/31/99 |
| Financial Advisor | 08/01/04 | 03/31/09 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 01/01/09 | 06/30/09 |
| Financial Advisor | 12/03/07 | 12/31/08 |
| Financial Advisor | 01/01/10 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/09 |
| Financial Advisor | 11/14/05 | 12/27/09 |
| Financial Advisor Associate | 01/01/11 | 06/30/11 |
| Financial Adv Assoc Trainee | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 02/28/11 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 09/01/10 | 10/31/10 |
| Financial Advisor Associate | 08/30/10 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/01/11 | 07/31/11 |
| Financial Advisor Associate | 07/29/11 | 12/31/99 |
| Financial Advisor | 10/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 09/30/10 |
| Financial Advisor | 10/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 09/30/10 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 08/03/09 | 12/31/99 |
| Financial Advisor Associate | 09/08/09 | 12/31/99 |

Page 7 of 26

EXHIBIT "B" - PAGE 33

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Job Title | | |
|---|---|---|
| Financial Advisor Associate | 08/31/09 | 12/31/99 |
| Financial Advisor Associate | 07/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/01/11 | 06/30/11 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 03/01/11 | 04/30/11 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 12/31/09 | 12/31/99 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 04/30/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/07/10 | 12/31/99 |
| Financial Advisor Associate | 06/07/10 | 12/31/99 |
| Financial Advisor Associate | 06/16/10 | 12/31/99 |
| Financial Advisor Associate | 06/29/10 | 12/31/99 |
| Financial Advisor Associate | 07/26/10 | 12/31/99 |
| Financial Advisor Associate | 08/09/10 | 12/31/99 |
| Financial Advisor Associate | 08/16/10 | 12/31/99 |
| Financial Advisor Associate | 08/09/10 | 12/31/99 |
| Financial Advisor Associate | 08/30/10 | 12/31/99 |
| Financial Advisor Associate | 09/15/10 | 12/31/99 |
| Financial Advisor Associate | 09/30/10 | 12/31/99 |
| Financial Advisor Associate | 11/08/10 | 12/31/99 |
| Financial Advisor Associate | 12/30/10 | 12/31/99 |
| Financial Advisor Associate | 02/14/11 | 12/31/99 |
| Financial Advisor Associate | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/11/11 | 12/31/99 |
| Financial Advisor Associate | 05/09/11 | 12/31/99 |
| Financial Advisor Associate | 05/10/11 | 12/31/99 |
| Financial Advisor Associate | 05/23/11 | 12/31/99 |
| Financial Advisor Associate | 05/20/11 | 12/31/99 |
| Financial Advisor Associate | 06/06/11 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/11/11 | 12/31/99 |

Page 8 of 26

EXHIBIT "B" - PAGE 34

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Position | Start | End |
|---|---|---|
| Financial Advisor Associate | 06/16/11 | 07/10/11 |
| Financial Advisor Associate | 05/17/10 | 12/31/99 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 09/01/10 | 10/31/10 |
| Financial Advisor Associate | 07/01/09 | 07/11/10 |
| Financial Advisor | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 10/01/10 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 01/25/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/10 | 12/31/99 |
| Financial Advisor Associate | 02/01/11 | 12/31/99 |
| Financial Advisor | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/11 |
| Financial Advisor Associate | 08/03/09 | 12/31/99 |
| Financial Advisor Associate | 09/08/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 12/30/10 | 12/31/99 |
| Financial Advisor Associate | 10/12/09 | 12/31/99 |
| Financial Advisor Associate | 10/26/09 | 12/31/99 |
| Financial Advisor Associate | 11/23/09 | 12/31/99 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 02/28/11 |
| Financial Advisor Associate | 12/21/09 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 04/30/10 | 12/31/99 |
| Financial Advisor Associate | 01/29/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/27/11 | 12/31/99 |
| Financial Advisor Associate | 02/04/10 | 12/31/99 |
| Financial Advisor Associate | 02/24/10 | 12/31/99 |
| Financial Advisor Associate | 02/22/10 | 12/31/99 |
| Financial Advisor Associate | 02/22/10 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 02/26/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |

EXHIBIT "B" - PAGE 35

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Job Title | Date 1 | Date 2 |
|---|---|---|
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 04/14/10 | 12/31/99 |
| Financial Advisor Associate | 06/21/10 | 12/31/99 |
| Financial Advisor Associate | 06/29/10 | 12/31/99 |
| Financial Advisor Associate | 06/30/10 | 12/31/99 |
| Financial Advisor Associate | 06/29/10 | 12/31/99 |
| Financial Advisor Associate | 08/02/10 | 12/31/99 |
| Financial Advisor Associate | 07/30/10 | 12/31/99 |
| Financial Advisor Associate | 07/30/10 | 12/31/99 |
| Financial Advisor Associate | 08/03/10 | 12/31/99 |
| Financial Advisor Associate | 08/19/10 | 12/31/99 |
| Financial Advisor Associate | 08/23/10 | 12/31/99 |
| Financial Advisor Associate | 08/23/10 | 12/31/99 |
| Financial Advisor Associate | 09/13/10 | 12/31/99 |
| Financial Advisor Associate | 09/29/10 | 12/31/99 |
| Financial Advisor Associate | 11/29/10 | 12/31/99 |
| Financial Advisor Associate | 12/17/10 | 12/31/99 |
| Financial Advisor Associate | 12/17/10 | 12/31/99 |
| Financial Advisor Associate | 12/28/10 | 12/31/99 |
| Financial Advisor Associate | 12/31/10 | 12/31/99 |
| Financial Advisor Associate | 05/02/11 | 12/31/99 |
| Financial Advisor Associate | 05/02/11 | 12/31/99 |
| Financial Advisor Associate | 09/01/10 | 12/31/99 |
| Financial Advisor | 04/01/10 | 04/30/11 |
| Financial Advisor Associate | 01/01/09 | 03/31/11 |
| Financial Advisor | 04/09/08 | 12/31/08 |
| Financial Advisor Associate | 09/01/10 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor | 02/01/11 | 12/31/10 |
| Financial Advisor Associate | 01/01/11 | 01/31/10 |
| Financial Advisor | 08/01/10 | 12/31/10 |

Page 10 of 26

EXHIBIT "B" - PAGE 36

**Financial Advisors in CA (Job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Title | Start | End |
|---|---|---|
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/31/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor Associate | 05/24/10 | 12/31/99 |
| Financial Advisor Associate | 10/05/09 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 05/31/11 |
| Financial Advisor Associate | 07/01/11 | 12/31/99 |
| Financial Advisor | 08/01/11 | 06/30/11 |
| Financial Advisor | 06/30/09 | 07/31/11 |
| Financial Advisor Associate | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 09/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/03/09 | 12/31/99 |
| Financial Advisor Associate | 09/08/09 | 12/31/99 |
| Financial Advisor Associate | 09/15/09 | 12/31/99 |
| Financial Advisor Associate | 09/14/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 10/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 09/01/10 | 09/30/10 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/04/11 | 05/31/11 |
| Financial Advisor Associate | 11/23/09 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/16/10 | 12/31/99 |
| Financial Advisor | 11/30/09 | 03/15/10 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/01/11 | 05/31/11 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 02/20/11 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |

EXHIBIT "B" - PAGE 37

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007)**
**07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor Associate | 02/23/10 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 03/15/10 | 12/31/99 |
| Financial Advisor Associate | 03/30/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/01/11 | 07/31/11 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/14/10 | 12/31/99 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 07/26/10 | 12/31/99 |
| Financial Advisor Associate | 07/30/10 | 12/31/99 |
| Financial Advisor Associate | 08/30/10 | 12/31/99 |
| Financial Advisor Associate | 11/05/10 | 12/31/99 |
| Financial Advisor Associate | 12/02/10 | 12/31/99 |
| Financial Advisor Associate | 12/10/10 | 12/31/99 |
| Financial Advisor Associate | 12/15/10 | 12/31/99 |
| Financial Advisor Associate | 01/25/11 | 12/31/99 |
| Financial Advisor Associate | 02/22/11 | 12/31/99 |
| Financial Advisor Associate | 03/22/11 | 12/31/99 |
| Financial Advisor Associate | 05/06/11 | 12/31/99 |
| Financial Advisor Associate | 05/03/11 | 12/31/99 |
| Financial Advisor Associate | 08/03/11 | 12/31/99 |
| Financial Advisor | 12/01/05 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor | 11/10/04 | 09/15/10 |
| Financial Advisor Associate | 11/22/10 | 04/03/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 10/01/10 | 11/30/10 |
| Financial Advisor Associate | 05/17/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor | 09/01/10 | 12/31/99 |

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor Associate | 05/01/10 | 12/31/99 |
| Financial Advisor Associate | 10/27/09 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 11/30/10 | 12/31/99 |
| Financial Advisor | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 04/30/11 |
| Financial Advisor | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/11 |
| Financial Advisor Associate | 07/06/09 | 12/31/99 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 06/03/11 | 12/31/99 |
| Financial Advisor Associate | 10/21/09 | 12/31/99 |
| Financial Advisor Associate | 11/09/09 | 12/31/99 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/01/11 | 05/31/11 |
| Financial Advisor Associate | 12/02/09 | 12/31/99 |
| Financial Advisor Associate | 12/21/09 | 12/31/99 |
| Financial Advisor Associate | 12/28/09 | 12/31/99 |
| Financial Advisor Associate | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 03/03/10 | 12/31/99 |
| Financial Advisor Associate | 03/08/10 | 12/31/99 |
| Financial Advisor Associate | 03/25/10 | 12/31/99 |
| Financial Advisor Associate | 03/29/10 | 08/31/10 |
| Financial Advisor Associate | 03/29/10 | 12/31/99 |
| Financial Advisor Associate | 10/01/10 | 12/31/99 |
| Financial Advisor Associate | 05/26/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/04/10 | 12/31/99 |
| Financial Advisor Associate | 06/21/10 | 12/31/99 |

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor Associate | 06/16/10 | 12/31/99 |
| Financial Advisor Associate | 07/19/10 | 12/31/99 |
| Financial Advisor Associate | 07/26/10 | 12/31/99 |
| Financial Advisor Associate | 07/30/10 | 12/31/99 |
| Financial Advisor Associate | 08/30/10 | 12/31/99 |
| Financial Advisor Associate | 09/27/10 | 12/31/99 |
| Financial Advisor Associate | 11/29/10 | 12/31/99 |
| Financial Advisor Associate | 11/29/10 | 06/30/11 |
| Financial Advisor Associate | 11/30/10 | 12/31/99 |
| Financial Advisor Associate | 12/29/10 | 12/31/99 |
| Financial Advisor Associate | 01/24/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/08/11 | 12/31/99 |
| Financial Advisor Associate | 03/04/11 | 12/31/99 |
| Financial Advisor Associate | 04/22/11 | 12/31/99 |
| Financial Advisor Associate | 05/13/11 | 12/31/99 |
| Financial Advisor Associate | 06/30/11 | 12/31/99 |
| Financial Advisor Associate | 07/25/11 | 12/31/99 |
| Financial Advisor | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 05/04/09 | 11/30/10 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 06/30/11 |
| Financial Advisor Associate | 12/29/09 | 12/31/99 |
| Financial Advisor Associate | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/10 | 12/31/99 |
| Financial Advisor Associate | 08/03/09 | 12/31/99 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |

EXHIBIT "B" - PAGE 40

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Job Title | | |
|---|---|---|
| Financial Adv Assoc Trainee | 10/01/10 | 10/31/10 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/01/11 | 05/31/11 |
| Financial Adv Assoc Trainee | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/04/11 | 12/31/99 |
| Financial Advisor Associate | 02/26/11 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 03/30/10 | 12/31/99 |
| Financial Advisor Associate | 05/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 06/28/10 | 12/31/99 |
| Financial Advisor Associate | 09/07/10 | 12/31/99 |
| Financial Advisor Associate | 01/20/11 | 12/31/99 |
| Financial Advisor Associate | 02/16/11 | 12/31/99 |
| Financial Advisor Associate | 07/26/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 02/28/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Independent Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 01/31/11 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 02/22/10 | 12/31/99 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 09/01/10 | 10/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |

Page 15 of 26

EXHIBIT "B" - PAGE 41

**Financial Advisors in CA (Job codes RT6146, I01005, I01006, I01106, I01007)**
**07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 02/28/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Adv Assoc Trainee | 07/1/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 06/30/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Advisor | 10/01/10 | 12/31/99 |
| Financial Advisor Associate | 08/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 10/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 08/01/10 | 09/30/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |

Page 16 of 26

EXHIBIT "B" - PAGE 42

**Financial Advisors in CA (Job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Title | Start | End |
|---|---|---|
| Financial Adv Assoc Trainee | 03/07/11 | 04/30/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/30/09 | 12/31/99 |
| Financial Advisor | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/11 |
| Senior Financial Advisor | 02/01/11 | 07/31/11 |
| Financial Advisor | 07/01/09 | 01/31/11 |
| Financial Advisor | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 03/01/11 | 04/30/11 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 05/30/10 |
| Financial Advisor | 03/01/10 | 10/31/10 |
| Financial Advisor Associate | 07/01/09 | 02/28/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 08/01/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 06/30/11 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 04/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 03/31/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 04/30/11 |
| Financial Advisor | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |

EXHIBIT "B" - PAGE 43

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Title | Start | End |
|---|---|---|
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/16/10 | 02/28/11 |
| Financial Advisor Associate | 07/01/09 | 07/15/10 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 09/01/09 | 01/09/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 03/31/10 | 12/31/99 |
| Financial Advisor Associate | 08/01/09 | 12/31/99 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 03/01/11 | 04/30/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 02/28/11 |
| Financial Advisor Associate | 02/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 08/05/09 | 03/31/10 |
| Senior Financial Advisor | 07/01/09 | 08/04/09 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Senior Financial Advisor | 07/01/09 | 01/31/11 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 01/31/11 |

EXHIBIT "B" - PAGE 44

Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011

| Job Title | Start | End |
|---|---|---|
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 11/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/12/10 | 08/31/10 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/01/11 | 05/31/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 05/01/11 | 07/31/11 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| JPMC-Financial Advisor | 05/01/09 | 06/30/09 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 06/30/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |
| Financial Advisor | 01/01/11 | 04/30/11 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 10/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 09/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/12/10 | 08/31/10 |
| Financial Adv Assoc Trainee | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 03/21/11 | 04/30/11 |
| Financial Advisor | 03/01/11 | 03/20/11 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/01/10 | 12/31/99 |

Page 19 of 26

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007)**
**07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Adv Assoc Trainee | 07/12/10 | 08/31/10 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/10/11 | 02/28/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 04/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 02/01/11 | 03/31/11 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 02/28/11 |
| Financial Adv Assoc Trainee | 12/01/10 | 04/17/11 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 10/01/10 | 11/30/10 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/01/11 | 07/31/11 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor | 11/01/10 | 04/30/11 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor Associate | 01/01/10 | 12/31/99 |
| Financial Advisor | 12/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 03/16/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/15/11 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/01/11 | 05/31/11 |
| Financial Advisor | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 05/31/10 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/01/11 |
| Financial Advisor. | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor | 05/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 12/31/09 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |

EXHIBIT "B" - PAGE 46

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Title | Start | End |
|---|---|---|
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 08/01/09 | 07/10/11 |
| Financial Advisor | 05/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 04/30/10 |
| Financial Advisor Associate | 12/01/10 | 05/15/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 10/01/09 | 12/31/99 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/10 | 10/03/10 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 02/28/11 |
| Financial Advisor | 03/01/11 | 07/10/11 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 02/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 12/01/10 | 01/31/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 02/28/10 |
| Financial Advisor | 05/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 04/30/11 |
| Financial Advisor | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor Associate | 01/01/10 | 12/31/99 |
| Financial Advisor | 07/18/11 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/17/11 |
| Senior Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor | 11/01/10 | 01/31/11 |
| Financial Advisor Associate | 07/01/09 | 10/31/09 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |

EXHIBIT "B" - PAGE 47

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Adv Assoc Trainee | 10/01/10 | 11/30/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 12/01/10 | 11/30/10 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 05/31/10 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor Associate | 05/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 02/07/11 | 04/30/11 |
| Financial Advisor Associate | 10/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 09/06/10 | 09/30/10 |
| Financial Advisor Associate | 09/01/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 01/01/11 | 03/06/11 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor Associate | 08/01/09 | 12/31/99 |
| Financial Adv Assoc Trainee | 08/01/11 | 12/31/99 |
| Financial Advisor Associate | 06/01/11 | 07/31/11 |
| Financial Advisor Associate | 11/01/10 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 11/01/11 | 12/31/99 |
| Financial Advisor Associate | 09/01/09 | 12/31/10 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 07/01/11 | 12/31/99 |

EXHIBIT "B" - PAGE 48

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Job Title | Start | End |
|---|---|---|
| Financial Advisor Associate | 01/01/10 | 12/31/99 |
| Financial Advisor | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor | 12/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 11/30/10 |
| Financial Advisor Associate | 09/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/01/10 | 12/31/99 |
| Financial Advisor Associate | 08/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/01/11 | 07/31/11 |
| Financial Advisor Associate | 03/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 12/01/10 | 02/28/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 06/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 05/31/11 |
| Financial Advisor Associate | 12/01/10 | 12/31/10 |
| Financial Advisor | 07/01/09 | 11/30/10 |
| Financial Advisor | 01/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 04/18/11 | 06/30/11 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/11 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor Associate | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 05/31/10 |
| Financial Advisor | 05/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 04/30/10 |
| Financial Advisor | 05/01/09 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 04/30/11 |

EXHIBIT "B" - PAGE 49

**Financial Advisors in CA (job codes RT6146, 101005, 101006, 101106, 101007)**
**07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Financial Advisor | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor Associate | 03/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/01/10 | 12/31/99 |
| Financial Advisor | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 09/16/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 09/13/10 | 12/31/99 |
| Financial Advisor | 03/16/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/15/10 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Advisor Associate | 03/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 06/01/11 | 07/10/11 |
| Financial Advisor | 01/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 12/31/09 |
| Financial Advisor | 04/01/10 | 09/30/10 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor | 01/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/09 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Advisor | 03/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 02/28/11 |
| Financial Advisor | 09/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 08/31/10 |
| Financial Advisor Associate | 11/01/09 | 12/31/99 |
| Financial Advisor Associate | 10/01/10 | 12/31/99 |
| Independent Financial Advisor | 08/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 07/31/09 |

EXHIBIT "B" - PAGE 50

**Financial Advisors in CA (Job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| Job Title | Start | End |
|---|---|---|
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 12/31/99 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor Associate | 11/01/09 | 12/31/99 |
| Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 12/01/09 | 12/31/99 |
| Financial Advisor Associate | 07/01/10 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor | 11/01/10 | 12/31/10 |
| Financial Advisor Associate | 07/01/09 | 10/31/10 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Financial Advisor Associate | 06/01/10 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Independent Financial Advisor | 04/01/10 | 07/31/11 |
| Financial Advisor | 07/01/10 | 03/31/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Independent Financial Advisor | 03/01/11 | 12/31/99 |
| Senior Financial Advisor | 04/01/10 | 02/28/11 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 11/16/09 | 12/31/99 |
| Financial Advisor Associate | 10/01/10 | 03/06/11 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 04/01/11 | 12/31/99 |
| Financial Adv Assoc Trainee | 02/01/11 | 03/31/11 |
| Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 01/31/11 |
| Financial Advisor | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |

EXHIBIT "B" - PAGE 51

**Financial Advisors in CA (job codes RT6146, I01005, I01006, I01106, I01007) 07-08-2010 to 08-05-2011**

| | | |
|---|---|---|
| Senior Financial Advisor | 04/01/10 | 12/31/10 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 09/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 08/31/10 |
| Senior Financial Advisor | 02/01/11 | 12/31/99 |
| Financial Advisor | 07/01/09 | 01/31/11 |
| Financial Advisor Associate | 12/01/10 | 12/31/99 |
| Financial Adv Assoc Trainee | 10/01/10 | 11/30/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/99 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Senior Financial Advisor | 04/01/10 | 12/31/10 |
| Financial Advisor | 07/01/09 | 03/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor | 07/01/09 | 12/31/99 |
| Financial Advisor Associate | 01/01/10 | 12/31/99 |
| Financial Advisor Associate | 01/01/11 | 12/31/99 |
| Financial Advisor | 12/01/09 | 12/31/10 |
| Financial Advisor | 08/01/10 | 12/31/99 |
| Financial Advisor Associate | 07/01/09 | 07/31/10 |
| Financial Advisor | 07/01/09 | 12/31/99 |

EXHIBIT "B" - PAGE 52

# EXHIBIT "2"

Web CRD - U4 Print Preview » All Sections

age of 18. This field should include, for example, nicknames, aliases, and names used before or after marriage.

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| JOSEPH | | BRANCE | |
| J. | | BRANCE | |

## 11. RESIDENTIAL HISTORY

Starting with the current address, give all addresses for the past 5 years. Report changes as they occur.

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 05/2008 | PRESENT | 23946 DOHENY CIRCLE | WILDOMAR | CA | USA | 92595 |
| 09/2000 | 05/2008 | 3661 STEWART AVENUE | LOS ANGELES | CA | USA | 90066 |

## 12. EMPLOYMENT HISTORY

Provide complete employment history for the past 10 years. Include the *firm(s)* noted in Section 1 (GENERAL INFORMATION) and Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS). Include all *firm(s)* from Section 3 (REGISTRATION WITH UNAFFILIATED FIRMS). Account for all time including full and part-time employments, self-employment, military service, and homemaking. Also include statuses such as unemployed, full-time education, extended travel, or other similar statuses. Report changes as they occur.

| From | To | Name of *Firm or Company* | *Investment-Related business?* | City | State | Country | Position |
|---|---|---|---|---|---|---|---|
| 06/2010 | PRESENT | CHASE INVESTMENT SERVICES CORP. | ⦿ Yes ○ No | PACIFIC PALISADES | CA | USA | FINANCIAL ADVISOR |
| 02/2010 | 06/2010 | UNEMPLOYED | ○ Yes ⦿ No | WILDOMAR | CA | USA | NONE |
| 10/2009 | 02/2010 | SIGNATOR INVESTORS, INC. | ⦿ Yes ○ No | ANAHEIM | CA | USA | FINANCIAL ADVISOR |
| 08/2008 | 10/2009 | UNEMPLOYED | ○ Yes ⦿ No | WILDOMAR | CA | USA | NONE |
| 04/2007 | 08/2008 | MORGAN STANLEY & CO., INC. | ⦿ Yes ○ No | BEVERLY HILLS | CA | USA | FINANCIAL ADVISOR |
| 03/2006 | 04/2007 | MORGAN STANLEY DW, INC. | ⦿ Yes ○ No | BEVERLY HILLS | CA | USA | FINANCIAL ADVISOR |
| 10/2001 | 02/2006 | M.L. STERN & CO., LLC | ⦿ Yes ○ No | BEVERLY HILLS | CA | USA | ACCOUNT EXECUTIVE |

EXHIBIT "B" - PAGE 54

8.  I further stipulate and agree that any civil action or administrative *proceeding* instituted by the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made.

8.  I authorize all my employers and any other person to furnish to any *jurisdiction, SRO, designated entity,* employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5). I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction, SRO, designated entity,* employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the *jurisdiction, SRO, designated entity,* employer or prospective employer of the nature and scope of the requested investigative consumer report.

9.  I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Section 1 (GENERAL INFORMATION) or Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS) of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10.  I authorize any employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed and approved the information to be submitted to any *jurisdiction or SRO* on this Form U4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative *proceeding*.

*Applicant or applicant's* agent has typed *applicant's* name under this section to attest to the completeness and accuracy of this record. The *applicant* recognizes that this typed name constitutes, in every way, use or aspect, his or her legally binding signature.

**Date (MM/DD/YYYY)**          **Signature of Applicant**
07/07/2010                    JOSEPH EDWARD BAUMANN

                              **Signature**                     4-7-2010

### 15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS

To the best of my knowledge and belief, the *applicant* is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction or SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, *jurisdiction or SRO* which hereby is requested, I will not employ the *applicant* in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This *firm* has communicated with all of the *applicant's* previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

EXHIBIT "B" - PAGE 55

# EXHIBIT "C"

1   MORGAN, LEWIS & BOCKIUS LLP
     CARRIE A. GONELL, SBN 257163
2   cgonell@morganlewis.com
     5 Park Plaza, Suite 1750
3   Irvine, CA  92614
     Tel:  949.399.7000
4   Fax:  949.399.7001

5   Attorneys for Defendants
     CHASE INVESTMENT SERVICES
6   CORP., JPMORGAN CHASE BANK,
     N.A., and JPMORGAN CHASE & CO.

7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JOSEPH BAUMANN, individually, and on behalf of other members of the general public similarly situated, Plaintiff, | Case No. |
| 12 | |
| 13  vs. | **DECLARATION OF CARRIE A. GONELL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL** |
| 14  CHASE INVESTMENT SERVICES CORP., a Delaware corporation; JPMORGAN CHASE BANK, a New York corporation; JP MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| 15 | |
| 16 | |
| 17 | |
| 18          Defendants. | |

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22610788.1

DECLARATION OF CARRIE A. GONELL
EXHIBIT "C" - PAGE 57

1    I, Carrie A. Gonell, declare as follows:

2    1.  I am a partner with the law firm of Morgan, Lewis & Bockius LLP

3 ("Morgan Lewis"), counsel of record for Defendants CHASE INVESTMENT

4 SERVICES CORP., JPMORGAN CHASE BANK, N.A., and JPMORGAN

5 CHASE & CO.  ("Defendants" or "Chase").  I am licensed to practice law in the

6 State of California and am admitted to practice before this Court.  I have personal

7 knowledge of the facts set forth in this Declaration and I could and would testify

8 competently thereto if called upon to do so.  I submit this Declaration in support of

9 Defendant's Notice of Removal.

10    2.  Using the data contained in the report attached as Exhibit 1 to Trese C.

11 Cintron's Declaration In Support of Removal , and using Microsoft Excel,

12 employees of my law firm have calculated that the total number of twice-monthly

13 pay periods worked by Chase Financial Advisors from July 8, 2010 to August 5,

14 2011 was 14,527 pay periods.

15   I declare under penalty of perjury under the laws of the United States and the

16 State of California that the foregoing is true and correct.  Executed this 12th day of

17 August, 2011 at Irvine, California.

18

19            _CAG_

               _____

20             Carrie A. Gonell

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22610788.1

1

DECLARATION OF CARRIE A. GONELL
EXHIBIT "C" - PAGE 58

# EXHIBIT "D"

# JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

## CHARTER NO. 8

## ARTICLES OF ASSOCIATION

### (As Amended June 30, 2008)

For the purpose of organizing an Association to perform any lawful activities of national banks, the undersigned do enter into the following Articles of Association:

FIRST. The title of this Association shall be JPMorgan Chase Bank, National Association (the "Association").

SECOND. The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio. The general business of the Association shall be conducted at its main office and its branches.

THIRD. The board of directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full board of directors or by resolution of a majority of the shareholders at any annual or special meeting thereof.

FOURTH. There shall be an annual meeting of the shareholders to elect directors and transact whatever other business may be brought before the meeting. It shall be held at the main office or any other convenient place and on such date as the board of directors may designate.

FIFTH. The authorized amount of capital stock of this Association shall be $1,815,000,000, divided into 150,000,000 shares of common stock of the par value of $12 each and 15,000,000 shares of preferred stock of the par value of $1 each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

In the event of any such increase in the capital stock of this Association by the sale of additional shares or the distribution of additional shares as a stock dividend, each shareholder of this Association (unless otherwise provided by the shareholders' vote or votes authorizing the increase) shall be entitled, in proportion to the number of shares of said capital stock owned by him before such increase, to proportionate rights in respect of such additional shares as follows: (1) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace one or more whole shares of such additional shares, to receive (a) in the case of a sale, a transferable warrant entitling the holder to subscribe, within the specified subscription period, for such one or more whole shares of such additional shares or (b) in the case of a stock dividend, a certificate evidencing such one or more whole shares of such additional shares; and

#48681 v4

Page 1 of 3

EXHIBIT "D" - PAGE 60

(2) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace a fraction of a share, to receive (a) in the case of a sale, a fractional subscription warrant, conditioned that it shall be void unless, within the specified subscription period, it is combined with other such fractional subscription warrants in the aggregate entitling the holder thereof to subscribe for a whole share or whole shares of such additional shares and such subscription is completed by such holder of such combined fractional warrants or (b) in the case of a stock dividend, a fractional warrant which shall not represent or entitle the holder thereof to any of the privileges of a shareholder of this Association but may be combined with other such fractional warrants in the aggregate entitling the holder thereof to exchange them for a whole share or whole shares of such additional shares and conditioned that the holder exchanging such combined fractional warrants for such whole share or whole shares of such additional shares shall receive any dividends applicable to such whole share or whole shares declared after the date of such fractional warrants and payable in respect of such whole share or whole shares at the time of such exchange.

In the event of an increase in the capital stock of this Association in pursuance of a statutory consolidation to which this Association may be a party, the additional shares shall be issued in such a manner as the contract or plan of consolidation may provide, pursuant to and in contemplation of the statute under which said consolidation is effected.

In the event of an increase in the capital stock of this Association in pursuance of a plan or contract (other than in the case of a statutory consolidation) for the acquisition by this Association of the assets, in whole or in part, and the good will of another banking institution or banker, the additional shares shall be subscribed for by or issued to any persons, firms, trustees or corporations, whether or not shareholders of this Association, as, in its discretion in the execution of such plan or contract, the Board of Directors may approve.

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH.  The Board of Directors shall appoint one of its members President of this Association, who shall be Chairman of the Board; but the Board of Directors may appoint a director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors.  The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier and such other officers as may be required to transact the business of this Association; to fix the salaries to be paid to all officers of this Association; and to dismiss such officers, or any of them; but the Board of Directors may delegate the authority to exercise such powers of appointment, salary determination and dismissal.

The Board of Directors shall have the power to define the duties of officers and employees of this Association, to require bonds from them, and to fix the penalty thereof; to regulate the manner in which directors shall be elected or appointed, and to appoint judges of election; in the event of an increase of the capital stock of this Association to regulate the manner in which such increase shall be made; to make all by-laws that it may be lawful for them to make for the general regulation of the business of this Association and the management of its affairs; and generally to do and perform all acts that it may be lawful for a Board of Directors to do and perform.

#48681 v4

EXHIBIT "D" - PAGE 61

SEVENTH.  The board of directors shall have the power to change the location of the main office to any other location permitted under applicable law, without the approval of the shareholders, and shall have the power to establish or change the location of any branch or branches of the Association to any other location permitted under applicable law, without the approval of the shareholders subject to such limitations as from time to time may be provided by law.

EIGHTH.  The corporate existence of this Association shall continue until termination according to the laws of the United States.

NINTH.  These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

In witness whereof, we have hereunto set our hands as of June 30, 2008.

By /s/ James Dimon
James Dimon

By /s/ Frank J. Bisignano
Frank J. Bisignano

By /s/ Steven D. Black
Steven D. Black

By /s/ Michael J. Cavanagh
Michael J. Cavanagh

By /s/ Charles W. Scharf
Charles W. Scharf

By /s/ James E. Staley
James E. Staley

EXHIBIT "D" – PAGE 62

# EXHIBIT "E"

# J P MORGAN CHASE & CO (JPM)

270 PARK AVE
38TH FL
NEW YORK, NY 10017
212. 270.6000

# 10-K

FORM 10-K
Filed on 02/28/2011 – Period: 12/31/2010
File Number 001–05805



THOMSON REUTERS

LIVEDGAR Information Provided by Thomson Reuters Accelus ©2011. All Rights Reserved.
800.669.1154
www.gsionline.com

EXHIBIT "E" - PAGE 64

Table of Contents

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

# FORM 10-K

Annual report pursuant to section 13 or 15(d) of
The Securities Exchange Act of 1934

For the fiscal year ended December 31, 2010

| For the fiscal year ended December 31, 2010 | Commission file number 1-5805 |
|---|---|

# JPMorgan Chase & Co.
(Exact name of registrant as specified in its charter)

| Delaware | 13-2624428 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. employer identification no.) |
| 270 Park Avenue, New York, NY | 10017 |
| (Address of principal executive offices) | (Zip code) |

Registrant's telephone number, including area code: (212) 270-6000

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Common stock | The New York Stock Exchange |
| | The London Stock Exchange |
| | The Tokyo Stock Exchange |
| Warrants, each to purchase one share of Common Stock | The New York Stock Exchange |
| Depositary Shares, each representing a one-four hundredth interest in a share of 8.625% Non-Cumulative Preferred Stock, Series J | The New York Stock Exchange |
| Guarantee of 7.00% Capital Securities, Series J, of J.P. Morgan Chase Capital X | The New York Stock Exchange |
| Guarantee of 5.875% Capital Securities, Series K, of J.P. Morgan Chase Capital XI | The New York Stock Exchange |
| Guarantee of 6.25% Capital Securities, Series L, of J.P. Morgan Chase Capital XII | The New York Stock Exchange |
| Guarantee of 6.20% Capital Securities, Series N, of JPMorgan Chase Capital XIV | The New York Stock Exchange |
| Guarantee of 6.35% Capital Securities, Series P, of JPMorgan Chase Capital XVI | The New York Stock Exchange |
| Guarantee of 6.625% Capital Securities, Series S, of JPMorgan Chase Capital XIX | The New York Stock Exchange |
| Guarantee of 6.875% Capital Securities, Series X, of JPMorgan Chase Capital XXIV | The New York Stock Exchange |
| Guarantee of Fixed-to-Floating Rate Capital Securities, Series Z, of JPMorgan Chase Capital XXVI | The New York Stock Exchange |
| Guarantee of Fixed-to-Floating Rate Capital Securities, Series BB, of JPMorgan Chase Capital XXVIII | The New York Stock Exchange |
| Guarantee of 6.70% Capital Securities, Series CC, of JPMorgan Chase Capital XXIX | The New York Stock Exchange |
| Guarantee of 7.20% Preferred Securities of BANK ONE Capital VI | The New York Stock Exchange |
| KEYnotes Exchange Traded Notes Linked to the First Trust Enhanced 130/30 Large Cap Index | The New York Stock Exchange |
| Alerian MLP Index ETNs due May 24, 2024 | NYSE Arca, Inc. |
| JPMorgan Double Short US 10 Year Treasury Futures ETNs due September 30, 2025 | NYSE Arca, Inc. |
| JPMorgan Double Short US 10 Long Bond Treasury Futures ETNs due September 30, 2025 | NYSE Arca, Inc. |
| Euro Floating Rate Global Notes due July 27, 2012 | The NYSE Alternext U.S. LLC |
| Principal Protected Notes Linked to the Dow Jones Industrial Average $^{SM}$ due March 23, 2011 | The NYSE Alternext U.S. LLC |

Securities registered pursuant to Section 12(g) of the Act: none

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. ☒ Yes ☐ No

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. ☐ Yes ☒ No

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. ☒ Yes ☐ No

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Website, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files). ☒ Yes ☐ No

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§229.405 of this chapter) is not contained herein, and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See definitions of "large accelerated filer," "accelerated filer," and "smaller reporting company" in Rule 12b-2 of the Exchange Act.

☒ Large accelerated filer ☐ Accelerated filer ☐ Non-accelerated filer ☐ Smaller reporting company
(Do not check if a smaller reporting company)

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). ☐ Yes ☒ No

The aggregate market value of JPMorgan Chase & Co. common stock held by non-affiliates of JPMorgan Chase & Co. on June 30, 2010 was approximately $144,824,681,723.

Number of shares of common stock outstanding on January 31, 2011: 3,983,509,889

Documents Incorporated by reference: Portions of the registrant's Proxy Statement for the annual meeting of stockholders to be held on May 17, 2011, are incorporated by reference in this Form 10-K in response to Items 10, 11, 12, 13 and 14 of Part III.

**Form 10−K Index**

**Part I**                                                                                          **Page**

Item 1          Business                                                                                 1
                Overview                                                                                 1
                Business segments                                                                        1
                Competition                                                                             1
                Supervision and regulation                                                              1
                Distribution of assets, liabilities and stockholders' equity;
                  interest rates and interest differentials                                        304−308
                Return on equity and assets                                            52, 295, 297, 304
                Securities portfolio                                                       214−218, 309
                Loan portfolio                                              118−138, 220−238, 310−314
                Summary of loan and lending−related commitments loss experience   139−141, 239−243, 315−316
                Deposits                                                                263−264, 317
                Short−term and other borrowed funds                                         264, 299
Item 1A         Risk factors                                                                        5−12
Item 1B         Unresolved SEC Staff comments                                                         12
Item 2          Properties                                                                             12
Item 3          Legal proceedings                                                                  12−13

**Part II**
Item 5          Market for Registrant's common equity, related stockholder
                  matters and issuer purchases of equity securities                             13−14
Item 6          Selected financial data                                                              14
Item 7          Management's discussion and analysis of financial
                  condition and results of operations                                              14
Item 7A         Quantitative and qualitative disclosures about market risk                        14
Item 8          Financial statements and supplementary data                                        14
Item 9          Changes in and disagreements with accountants on accounting
                  and financial disclosure                                                          14
Item 9A         Controls and procedures                                                             14
Item 9B         Other information                                                                    14

**Part III**
Item 10         Directors, executive officers and corporate governance                            15
Item 11         Executive compensation                                                              15
Item 12         Security ownership of certain beneficial owners and management and related
                  stockholder matters                                                               16
Item 13         Certain relationships and related transactions, and director independence         16
Item 14         Principal accounting fees and services                                              16

**Part IV**
Item 15         Exhibits, financial statement schedules                                          16−19
EX−12.1
EX−12.2
EX−21.1
EX−23.1
EX−31.1
EX−31.2
EX−32
EX−101 INSTANCE DOCUMENT
EX−101 SCHEMA DOCUMENT
EX−101 CALCULATION LINKBASE DOCUMENT
EX−101 LABELS LINKBASE DOCUMENT
EX−101 PRESENTATION LINKBASE DOCUMENT
EX−101 DEFINITION LINKBASE DOCUMENT

Table of Contents

**Part I**
ITEM 1: BUSINESS

**Overview**
JPMorgan Chase & Co. ("JPMorgan Chase" or the "Firm") is a
financial holding company incorporated under Delaware law in
1968. JPMorgan Chase is one of the largest banking institutions in
the United States of America ("U.S."), with $2.1 trillion in assets,
$176.1 billion in stockholders' equity and operations in more than
60 countries.
JPMorgan Chase's principal bank subsidiaries are JPMorgan
Chase Bank, National Association ("JPMorgan Chase Bank, N.A."),
a national bank with U.S. branches in 23 states, and Chase Bank
USA, National Association ("Chase Bank USA, N.A."), a national
bank that is the Firm's credit card–issuing bank. JPMorgan Chase's
principal nonbank subsidiary is J.P. Morgan Securities LLC
("JPMorgan Securities"), the Firm's U.S. investment banking firm.
The bank and nonbank subsidiaries of JPMorgan Chase operate
nationally as well as through overseas branches and subsidiaries,
representative offices and subsidiary foreign banks.
The Firm's website is www.jpmorganchase.com. JPMorgan Chase
makes available free of charge, through its website, annual reports
on Form 10–K, quarterly reports on Form 10–Q, current reports on
Form 8–K, and any amendments to those reports filed or furnished
pursuant to Section 13(a) or Section 15(d) of the Securities
Exchange Act of 1934, as soon as reasonably practicable after it
electronically files such material with, or furnishes such material to,
the U.S. Securities and Exchange Commission (the "SEC"). The
Firm has adopted, and posted on its website, a Code of Ethics for
its Chairman and Chief Executive Officer, Chief Financial Officer,
Chief Accounting Officer and other senior financial officers.
**Business segments**
JPMorgan Chase's activities are organized, for management
reporting purposes, into six business segments, as well as
Corporate/Private Equity. The Firm's wholesale businesses
comprise the Investment Bank, Commercial Banking, Treasury &
Securities Services and Asset Management segments. The Firm's
consumer businesses comprise the Retail Financial Services and
Card Services segments.
A description of the Firm's business segments and the products and
services they provide to their respective client bases is provided in
the "Business segment results" section of Management's discussion
and analysis of financial condition and results of operations
("MD&A"), beginning on page 67 and in Note 34 on pages 290–291.
**Competition**
JPMorgan Chase and its subsidiaries and affiliates operate in a
highly competitive environment. Competitors include other banks,
brokerage firms, investment banking companies, merchant banks,
hedge funds, commodity trading companies, private equity firms,
insurance companies, mutual fund companies, credit card
companies, mortgage banking companies, trust companies,
securities processing companies, automobile financing companies,
leasing companies, e-commerce and other Internet–based
companies, and a variety of other financial services and
advisory companies. JPMorgan Chase's businesses generally
compete on the basis of the quality and range of their products and
services, transaction execution, innovation and price. Competition
also varies based on the types of clients, customers, industries and
geographies served. With respect to some of its geographies and
products, JPMorgan Chase competes globally; with respect to
others, the Firm competes on a regional basis. The Firm's ability to
compete also depends on its ability to attract and retain its
professional and other personnel, and on its reputation.
The financial services industry has experienced consolidation and
convergence in recent years, as financial institutions involved in a
broad range of financial products and services have merged and, in
some cases, failed. This convergence trend is expected to continue.
Consolidation could result in competitors of JPMorgan Chase
gaining greater capital and other resources, such as a broader
range of products and services and geographic diversity. It is likely
that competition will become even more intense as the Firm's
businesses continue to compete with other financial institutions that
are or may become larger or better capitalized, or that may have a
stronger local presence in certain geographies.
**Supervision and regulation**
The Firm is subject to regulation under state and federal laws in the
United States, as well as the applicable laws of each of the various
jurisdictions outside the United States in which the Firm does
business.
**Recent events affecting the Firm:** On July 21, 2010, President
Obama signed into law the Dodd–Frank Wall Street Reform and
Consumer Protection Act (the "Dodd–Frank Act") which will make
significant structural reforms to the financial services industry.
These changes include the following:

EXHIBIT "E" – PAGE 67

# EXHIBIT "F"

CORP/LLC - File Detail Report

Page 1 of 1



SERVICES   PROGRAMS   PRESS   PUBLICATIONS   DEPARTMENTS   CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | | | |
|---|---|---|---|---|---|
| Entity Name | CHASE INVESTMENT SERVICES CORP. | File Number | | 55706778 | |
| Status | ACTIVE | | | | |
| Entity Type | CORPORATION | Type of Corp | | FOREIGN BCA | |
| Qualification Date (Foreign) | 10/23/1989 | State | | DELAWARE | |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | | 10/23/1989 | |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | President Name & Address | | ALAN CHABOT 270 PARK AVE FL 10 NEW YORK NY 100172014 | |
| Agent City | CHICAGO | Secretary Name & Address | | JOHN KRAMER 10 S DEARBORN ST FL 6 CHICAGO IL 606032003 | |
| Agent Zip | 60604 | Duration Date | | PERPETUAL | |
| Annual Report Filing Date | 10/05/2010 | For Year | | 2010 | |
| Old Corp Name | 03/19/1991 - CHASE INVESTMENT SERVICES, INC. 05/08/1997 - CHASE MANHATTAN INVESTMENT SERVICES, INC. | | | | |

**Return to the Search Screen**        Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

EXHIBIT "F" - PAGE 69
8/11/2011

# EXHIBIT "G"





1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL, State Bar No. 257163
2  cgonell@morganlewis.com
   5 Park Plaza, Suite 1750
3  Irvine, CA 92614
   Tel: 949.399.7000
4  Fax: 949.399.7001

5  Attorneys for Defendants
   CHASE INVESTMENT SERVICES CORP.,
6  JPMORGAN CHASE BANK, N.A., and JP
   MORGAN CHASE & CO.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 11 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
DOROTHY SWAIN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11 | JOSEPH BAUMANN, individually, and on   | Case No. BC4464979
   | behalf of other members of the general |
12 | public similarly situated,             | Assigned For All Purposes To:
   |                                        | Hon. Maureen Duffy-Lewis – Dept. 38
13 |           Plaintiff,                   |
14 |      vs.                               | DEFENDANTS' ANSWER TO COMPLAINT
15 | CHASE INVESTMENT SERVICES              |
   | CORP., a Delaware corporation;         | Complaint Filed:    July 8, 2011
16 | JPMORGAN CHASE BANK, a New York        | Trial Date:         None Set
   | corporation; JP MORGAN CHASE & CO.,    |
17 | a Delaware corporation; and DOES 1     |
   | through 10, inclusive,                 |
18 |                                        |
   |           Defendants.                  |
19

20

21      Defendants CHASE INVESTMENT SERVICES CORP., JPMORGAN CHASE BANK,

22 N.A., and JP MORGAN CHASE & CO. ("Defendants" or "Chase")[1] answer the Complaint for

23 Enforcement of the Private Attorneys General Act, California Labor Code §§ 2698 et. seq.

24 ("Complaint") of Plaintiff Joseph Baumann ("Plaintiff") as follows:

25

26

27 ────────────────────────
   [1] The Complaint improperly names JPMorgan Chase Bank, N.A., (misnamed as JPMorgan Chase Bank) and JP
   Morgan Chase & Co. as defendants.  Plaintiff was employed by Chase Investment Services Corp. only, and
28 Defendants reserve all rights and defenses accordingly.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

ANSWER

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation in the Complaint. Defendants further deny, generally and specifically, that Plaintiff, or any other allegedly aggrieved employee, is entitled to the relief requested, or that Plaintiff, or any other allegedly aggrieved employee, has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees, acting in the course and scope of their employment.

## DEFENSES

Defendants also assert the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them and pray for judgment as set forth below:

## FIRST DEFENSE

### (California Law Overtime, Minimum Wage, and Rest/Meal Period Exemption)

1.      Plaintiff, and each allegdly aggrieved employee as defined the Complaint, are exempt from the overtime, minimum wage, rest period, and/or meal period requirements under the California Labor Code and the applicable Industrial Welfare Commission wage order or wage orders promulgated under the California Labor Code, including but not limited to, the exemptions set forth in Sections 1(A)(1), 1(A)(2), 1(C) and/or 3(D) of the applicable wage order or wage orders, such as the executive exemption, administrative exemption, the outside sales exemption, and/or the exemption for commissioned employees.

## SECOND DEFENSE

### (Release)

2.      To the extent that allegedly aggrieved employees have released claims alleged in the Complaint, their claims are barred by those releases.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

-2-

ANSWER

EXHIBIT "G" - PAGE 72

## THIRD DEFENSE

### (Arbitration)

3.    Plaintiff's claims and the claims of allegedly aggrieved employees are barred because they are contractually bound to arbitrate all claims against Defendants.

## FOURTH DEFENSE

### (Res Judicata/Collateral Estoppel)

4.    The Complaint, and each purported cause of action contained therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## FIFTH DEFENSE

### (Failure to State a Cause of Action)

5.    The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SIXTH DEFENSE

### (Statutes of Limitations)

6.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 338, 339, 340, and 343; and California Labor Code § 203.

## SEVENTH DEFENSE

### (Laches)

7.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of laches.

## EIGHTH DEFENSE

### (Unclean Hands)

8.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

-3-

ANSWER

EXHIBIT "G" - PAGE 73

## NINTH DEFENSE

### (Not Appropriate for a Class or Representative Action)

9.     The Complaint, and each purported cause of action contained therein, are not proper for treatment as a class action or representative action because, among other reasons: (a) Plaintiff is an inadequate representative of the allegedly aggrieved employees; (b) Plaintiff's counsel will not fairly and adequately represent the allegedly aggrieved employees; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of claims; (e) the individualized nature of Plaintiff's claims makes a representative action inappropriate; (f) the civil penalty statute pursuant to which Plaintiff asserts his claims required that he prove Labor Code violation(s) on behalf of each and every allegedly aggrieved employee whom he seeks to represent; and (g)  adjudication of Plaintiff's claims would require the resolution of complex factual matters.

## TENTH DEFENSE

### (Due Process/Class Certifciation/Representative Action)

10.     Certification of a class and/or permitting Plaintiff to pursue his claims as a representative action would constitute a denial of Defendants' due process rights in violation of the Fourteenth Amendment and the California Constitution.

## ELEVENTH DEFENSE

### (Uncertainty)

11.     The claims of Plaintiff, and those of other allegedly aggrieved employees, are barred in whole or in part because the Complaint is uncertain in that the purported class definition and/or the definition of the group of aggrieved employees is ambiguous and conclusory.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

-4-

ANSWER

1

### TWELFTH DEFENSE

2

#### (Lack of Standing)

3      12.     The Complaint, and each purported cause of action contained therein, is barred for

4   lack of subject matter juridiction to the extent Plaintiff, and other allegedly aggrieved employees,

5   lack standing to bring their claims.

6

7

### THIRTEENTH DEFENSE

#### (Failure to Exhaust Administrative Remedies and/or Take Necessary Steps)

8      13.     The Court has no jurisdiction over the subject matter of the Complaint, or parts

9   thereof, because Plaintiff and/or the allegedly aggrieved employees have failed to exhaust

10   administrative remedies and/or failed to take necessary steps required by the California Labor

11   Code to initiate this Complaint.

12

13

### FOURTEENTH DEFENSE

14

#### (Failure to Mitigate)

15      14.     Plaintiff and other allegedly aggrieved employees have failed to mitigate any

16   damages and, to the extent of such failure, any damages or penalties awarded should be reduced

17   accordingly.

18

19

### FIFTEENTH DEFENSE

20

#### (Misjoinder of Parties/Not the Employer)

21      15.     The Claims of Plaintiff and other allegedly aggrieved employees are barred against

22   Defendants to the extent any Defendant was not the employer of Plaintiff and the allegedly

23   aggrieved employees.

24

25

### SIXTEENTH DEFENSE

26

#### (Waiver)

27      16.     The Complaint, and each purported cause of action contained therein, is barred in

28   whole or in part by the doctrine of waiver.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-5-

DB2/ 22609857.1

ANSWER

EXHIBIT "G" - PAGE 75

## SEVENTEENTH DEFENSE

### (Consent)

17.     The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff, or the allegedly aggrieved employees defined in the Complaint, consented to any alleged activity or conduct.

## EIGHTEENTH DEFENSE

### (No Waiting Time Penalties)

18.     The Complaint fails to state a claim for waiting time penalties under Labor Code § 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

## NINETEENTH DEFENSE

### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

19.     Plaintiff and other allegedly aggrieved employees  are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWENTIETH DEFENSE

### (PAGA Action Unconstititonal)

20.     Plaintiffs' purported cause of action for pursuant to the Private Attorneys General Act, California Labor Code §§ 2698 et. seq.  ("PAGA") is barred because provisions of PAGA violate the provisons of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-6-

DB2/ 22609857.1

ANSWER

## TWENTY-FIRST DEFENSE

### (Due Process/Excessive Fine)

21.   Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

## TWENTY-SECOND DEFENSE

### (Constitutional Right to Equal Protection)

22.   An award of penalties against Defendants would be an unconstitutional denial of Defendants' rights to equal protection under both the United States and California Constitutions.

## TWENTY-THIRD DEFENSE

### (Separation of Powers Doctrine)

23.   An award of penalties against Defendants would be an unconstitutional violation of the separation of powers doctrine under the California Constitution.

## TWENTY-FOURTH DEFENSE

### (Preemption)

24.   Plaintiff's claims and the claims of the allegedly aggrieved employees are preempted in whole or in part by federal laws, including but not limited to the Federal Arbitration Act and the Securities Litigation Uniform Standards Act.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

-7-

ANSWER

EXHIBIT "G" - PAGE 77

## TWENTY-FIFTH DEFENSE

### (De Minimis)

25.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the de minimis doctrine.

## TWENTY-SIXTH DEFENSE

### (Setoff and Recoupment)

26.     If any damages have been sustained by Plaintiff, or by any allegedly aggrieved employee as defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff or allegedly aggrieved employees owed to Defendants against any judgment that may be entered against Defendants.

## TWENTY-SEVENTH DEFENSE

### (Accord and Satisfaction)

27.     The Plaintiff's claims, and the claims of the allegedly aggrieved employees defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## TWENTY-EIGHTH DEFENSE

### (Overpayment)

28.     To the extent Plaintiff, or any allegedly aggrieved employee as defined in the Complaint, was paid compensation beyond that to which he was entitled while employed by any Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

## TWENTY-NINTH DEFENSE

### (Avoidable Consequences)

29.     The claims of Plaintiff and allegedly aggrieved employees defined in the Complaint are barred, or recovery reduced, because:  (a) Defendants took reasonable steps to

-8-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

ANSWER

EXHIBIT "G" - PAGE 78

1    prevent and correct the conduct alleged in the Complaint; (b) Plaintiff and the allegedly aggrieved

2    employees unreasonably failed to use the preventive and corrective measures that Defendants

3    provided; and (c) reasonable use of Defendants' procedures would have prevented at least some

4    of the harm that Plaintiff and the allegedly aggrieved employees suffered, if any.

## THIRTIETH DEFENSE

### (Business-Related Expenses Never Incurred)

30.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff and/or some or all of the allegedly aggrieved employees did not incur unreimbursed business-related expenses or such expenses were not reasonable and necessary.

## THIRTY-FIRST DEFENSE

### (Not Willful)

31.    Plaintiff, and any allegedly aggrieved employee as defined in the Complaint, is barred from recovering penalties or liquidated damages pursuant to, inter alia, California Labor Code § 203 because:  (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendants nor any agent or employee of Defendants acted willfully in failing to pay wages allegedly due to Plaintiff.

## THIRTY-SECOND DEFENSE

### (Conduct Reasonable and In Good Faith)

32.    If Defendants are found to have failed to pay any amount due to Plaintiff, or any allegedly aggrieved employee as defined in the Complaint, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that they had complied fully with California wage and hour laws.

## THIRTY-THIRD DEFENSE

### (Just and Proper Exercise of Managerial Discretion)

33.    The claims of Plaintiff and other allegedly aggrieved employees are barred in that Defendants' actions were a just and proper exercise of management discretion and business

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-9-

DB2/ 22609857.1

EXHIBIT "G" - PAGE 79

judgment, which were undertaken for a fair and honest reason regulated by good faith under the
circumstances then existing.

### THIRTY-FOURTH DEFENSE
#### (No Entitlement to Jury Trial – Certain Claims)

34.    Plaintiff is not entitled to a trial by jury on certain claims.

### THIRTY-FIFTH DEFENSE
#### (Improper Remedies)

35.    Plaintiff's claims seek improper remedies that may not be recovered pursuant to
California Labor Code § 203.

### THIRTY-SIXTH DEFENSE
#### (Attorneys' Fees and Costs Unwarranted)

36.    The Complaint fails to state facts sufficient to support an award of attorneys' fees
or costs.

### THIRTY-SEVENTH DEFENSE
#### (Reservation of Rights)

37.    Defendants reserve the right to assert additional defenses as discovery proceeds
and it becomes aware of additional facts and circumstances that provide the basis for additional
defenses.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by reason of his Complaint;

2.    That the Court deny Plaintiff's request to proceed as a class or representative action
on behalf of other allegedly aggrieved employees ;

3.    That the Complaint herein be dismissed in its entirety with prejudice, and that
judgment be entered in favor of Defendants and against Plaintiff on all causes of action contained
in the Complaint;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22609857.1

-10-

ANSWER

EXHIBIT "G" - PAGE 80

4.     That Defendants recover their costs of suit incurred herein, including reasonable attorneys' fees, including, but not limited to, pursuant to California Labor Code § 218.5; and

5.     For such other and further relief as the Court deems just and proper.

Dated: August 12, 2011

MORGAN, LEWIS & BOCKIUS LLP

By _____
Carrie A. Gonell
Attorneys for Defendants
CHASE INVESTMENT SERVICES
CORP., JPMORGAN CHASE BANK,
N.A., and JP MORGAN CHASE & CO.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-11-

ANSWER

DB2/ 22609857.1

EXHIBIT "G" - PAGE 81

## PROOF OF SERVICE

*Baumann v. Chase Investment Services, et al.*
*LASC Case No. BC464979*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On August 11, 2011, I served on the interested parties in this action the within document(s) entitled:

### DEFENDANTS' ANSWER TO COMPLAINT

[ ]    **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)**  - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]    **BY MAIL:  (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[ ]    **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

PROOF OF SERVICE

EXHIBIT "G" - PAGE 82

| | | |
|---|---|---|
| 1 | Miriam Schimmel, Esq. | *Attorneys for JOSEPH BAUMANN* |
| 2 | Andrew Sokolowski, Esq. | |
| | Joshua Carlon, Esq. | |
| 3 | Initiative Legal Group APC | |
| | 1800 Century Park East, 2nd Floor | |
| 4 | Los Angeles, CA 90067 | |
| | Phone: 310.556.5637 | |
| 5 | Fax:   310.861.9051 | |
| 6 | MSchimmel@InitiativeLegal.com | |
| | ASokolowski@InitiativeLegal.com | |
| 7 | JCarlon@InitiativeLegal.com | |

8

9    [ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

10

11    [  ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

12    Executed on August 11, 2011, at Irvine, California.

13

14    _____
         Patricia Martin

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

PROOF OF SERVICE

EXHIBIT "G" - PAGE 83

# PROOF OF SERVICE

## _Baumann v. Chase Investment Services Corp., et al._

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On August 12, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

[ ]   **BY FAX:** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL:** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT MAIL** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[ ]   **BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on August 12, 2011. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

[ ]   **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Miriam Schimmel, Esq.<br>Andrew Sokolowski, Esq.<br>Joshua Carlon, Esq.<br>Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA  90067<br>Phone:        310.556.5637<br>Fax:   310.861.9051<br>MSchimmel@InitiativeLegal.com<br>ASokolowski@InitiativeLegal.com<br>JCarlon@InitiativeLegal.com | *Attorneys for Plaintiffs JOSEPH BAUMANN* |

[ X ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on August 12, 2011, at Irvine, California.

Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22611332.1

-2-

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 6667 GHK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JOSEPH BAUMANN, individually, and on behalf of other members of the general public similarly situated

**DEFENDANTS**

CHASE INVESTMENT SERVICES CORP., a Delaware corp;
JPMORGAN CHASE BANK, a New York corp;
JPMORGAN CHASE & CO., a Delaware corp, and DOES 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Miriam Schimmel
Andrew Sokolowski
Joshua Carlon
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067; Tel: 310.556.5637

**Attorneys (If Known)**

Carrie A. Gonell, SBN 257163
Morgan Lewis & Bockius LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ In excess of $25,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff seeks penalties and attorneys' fees on behalf of himself and all others similarly situated under the Private Attorneys General Act, Cal. Lab. Code Sections 2698 et seq. for Lab. Code violations including failure to pay overtime, provide meal and rest breaks, untimely wage payment, deficient wage statements, and unreimbursed business expenses.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**CV11-06667-GHK(FMOx)**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

VIII(a).   **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No    [   ] Yes

If yes, list case number(s): _____

VIII(b).   **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ X ] No   [   ] Yes

If yes, list case number(s):   <u>See Notice of Related Cases</u>

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [   ]   A. Arise from the same or closely related transactions, happenings, or events; or

[   ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[   ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[   ]   D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[   ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[   ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio, Delaware, New York and Illinois. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date August 12, 2011

Carrie A. Gonell, Esq.

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |