UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6667-GHK (FMOx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | *Joseph Baumann v. Chase Investment Services Corp., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order** re: Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction

  This matter is before the Court on Plaintiff Joseph Baumann's ("Plaintiff") Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion"). We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. Because the Parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows.

  On July 8, 2011, Plaintiff filed this action, which asserts only one claim – violation of the California Labor Code under the Private Attorneys General Act ("PAGA") – against Defendants Chase Investment Services Corp., JPMorgan Chase Bank, and JPMorgan Chase & Co. (collectively, "Defendants"). Plaintiff's Complaint alleges that Defendants systematically misclassified Financial Advisors as exempt employees to avoid paying overtime wages. Plaintiff's Complaint only pursues penalties under PAGA and attorneys' fees. The Complaint attempts to limit the amount in controversy, stating: "The amount in controversy for Plaintiff, including claims for civil penalties and pro rata share of attorneys' fees, is less than seventy five thousand dollars ($75,000)." (Compl. ¶ 2).

  On August 12, 2011, Defendants removed this action. Defendants' Notice of Removal ("Notice") states that we have subject matter jurisdiction over the action under the Class Action Fairness Act ("CAFA"), as Plaintiff's action is asserted on behalf of Plaintiff individually "and on behalf of all other aggrieved employees" and thus, even though not pleaded as a class action, the case sufficiently "resembles" a class action to be governed by CAFA. The Notice additionally states that we have diversity jurisdiction over this case because the Parties are diverse and, in the aggregate, the statutory penalties sought exceed the $75,000 amount in controversy threshold of 28 U.S.C. § 1332(a).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

FILED

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6667-GHK (FMOx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | *Joseph Baumann v. Chase Investment Services Corp., et al.* | | |

Thereafter, Plaintiff filed this Motion. Plaintiff argues that this action is a representative action, not a class action under CAFA. Plaintiff further argues that we do not have diversity jurisdiction because the Complaint limited Plaintiff's possible recovery to $75,000, and Defendant has not demonstrated "to a legal certainty" that the amount in controversy exceeds $75,000 as required by *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007).

Although *Lowdermilk* recognized that a plaintiff can plead an amount in controversy so as to avoid federal jurisdiction, *id.*, such pleading must be done in good faith. In this case, we conclude that Plaintiff does not have the ability to limit the amount of controversy to that owed only to him, due to the unique nature of PAGA claims, and thus, *Lowerdermilk*'s legal certainty standard does not apply.

PAGA permits aggrieved employees to recover civil penalties against an employer for any violation of a provision of the Labor Code that authorizes the Labor and Workforce Development Agency ("LWDA") to assess a civil penalty. Cal. Labor Code § 2699(a). An aggrieved employee who brings a PAGA claim asserts such claim not only on behalf of himself but "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 923, 933 (2009). PAGA claims brought by aggrieved employees are thus brought on behalf of any Plaintiff(s) named in the action, the state, and "other current or former employees." *Id.*

When an aggrieved employee, or group of aggrieved employees, prevails on a PAGA claim, 75% of the total penalties are awarded to the LWDA, and 25% of the total penalties are distributed to aggrieved employees. § 2699(i). Moreover, although PAGA claims need not be brought as class actions, a judgment in an action brought by an aggrieved employee "binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Arias*, 46 Cal. 4th at 933.

Because of the unique nature of a PAGA claim, an aggrieved employee who brings a PAGA suit has no right to seek solely individual recovery. *Urbino v. Orkin Servs. of Cal.*, __ F. Supp. 2d __, 2011 WL 4595249, at *5 (C.D. Cal. Oct. 5, 2011). Although Plaintiff may in the end recover only his pro rata share of the 25% of penalties distributed to aggrieved employees, the amount recoverable in the action is "common and undivided" for purposes of 28 U.S.C. § 1332(a)'s amount in controversy requirement. *See Urbino*, 2011 WL 4595249, at *8. Given that Plaintiff cannot seek only his own recovery, he also cannot in good faith plead that the amount in controversy is limited to the amount owed only to him. Even if, as Plaintiff contends, "the amount in controversy *for Plaintiff*" is less than $75,000, the amount in controversy at issue under 28 U.S.C. § 1332(a) is the amount in controversy in the *action*.

The Complaint did not allege the total civil penalties at issue in this action – the aggregated penalties potentially payable to LWDA and all employees on whose behalf the PAGA claim is asserted. Instead, it only alleges the amount that Plaintiff himself would recover if successful. Because of this, the full amount in controversy is ambiguous from the face of Plaintiff's complaint. Accordingly, Defendants need only show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Defendants submitted a Declaration by Trese C. Cintron, a Vice President in the Human Resources Department for Defendant JPMorgan Chase Bank, N.A., attesting that Defendants employed

FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6667-GHK (FMOx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | *Joseph Baumann v. Chase Investment Services Corp., et al.* | | |

699 individuals as Financial Advisors during the time period at issue in Plaintiff's Complaint and that Defendants pay such employees semi-monthly. Applying Plaintiff's allegations of systematic misclassification of Financial Advisors to this number of aggrieved employees results in an amount in controversy in excess of $13 million. Plaintiff argues that Defendants cannot assume a 100% violation rate, and thus Defendant's calculation of the total penalties in controversy is highly inflated. But, given the large number of Financial Advisors employed by Defendant during the period at issue (699), and the $100-$200 default civil penalty for *each* violation,[1] we conclude that Defendants have, at the very least, demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Urbino*, 2011 WL 4595249, at *9 (finding the amount in controversy to be established by similar calculations).

Accordingly, we conclude that we have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).[2] Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

--- : ---

Initials of Deputy Clerk      ljw for Bea

---

[1] Each pay period forms the basis for a separate violation under PAGA. Cal. Labor Code § 2699(f)(2).

[2] In light of our conclusion, we do not decide if subject matter jurisdiction also exists under CAFA. However, we note that Defendant's argument – that a representative action that is not brought as a class action is still considered a class action under CAFA – appears to be foreclosed by *Arias*, 46 Cal. 4th 969, which held that federal class action requirements need not be met when an employee brings a representative action under PAGA. *See also Sample v. Big Lots Stores, Inc.*, No. C 10-3276 SBA, 2010 WL 4939992 (N.D. Cal. Nov. 30, 2010) (holding that a representative action under PAGA that is not pleaded as a class action is not removable under CAFA).