# Supreme Court of the United States
# Office of the Clerk
# Washington, DC 20543-0001

December 15, 2014

Scott S. Harris
Clerk of the Court
(202) 479-3011

Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

**RECEIVED**
CLERK, U.S. DISTRICT COURT

12/15/14

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MAT_____ DEPUTY

  Re: Chase Investment Services Corp., et al.
    v. Joseph Baumann
    No. 14-260
    (Your No. 12-55644)

2:11CV6667-GHK

Dear Clerk:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

**Scott S. Harris**, Clerk

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH BAUMANN, individually, and on behalf of other members of the general public similarly situated,

        Plaintiff - Appellant,

  v.

CHASE INVESTMENT SERVICES CORP, a Delaware corporation; et al.,

        Defendants - Appellees.

No. 12-55644

D.C. No. 2:11-cv-06667-GHK-FMO
U.S. District Court for Central California, Los Angeles

**MANDATE**

The judgment of this Court, entered March 13, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                  FOR THE COURT:
                                  Molly C. Dwyer
                                  Clerk of Court

                                  Rhonda Roberts
                                  Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH BAUMANN, individually, and on behalf of other members of the general public similarly situated,<br>                  *Plaintiff-Appellant*,<br><br>v.<br><br>CHASE INVESTMENT SERVICES CORP., a Delaware corporation; JPMORGAN CHASE BANK NA; JPMORGAN CHASE & CO., a Delaware corporation,<br>                  *Defendants-Appellees*. | No. 12-55644<br><br>D.C. No.<br>2:11-cv-06667-GHK-FMO<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted March 5, 2013
Submission Vacated August 13, 2013
Resubmitted March 6, 2014

Pasadena, California

Filed March 13, 2014

Before: Michael Daly Hawkins, Sidney R. Thomas,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz;
Concurrence by Judge Thomas

### SUMMARY[*]

**Class Action Fairness Act**

The panel reversed the district court's order denying plaintiff's motion to remand an action, brought in state court under the California Labor Code Private Attorneys General Act of 2004, and then removed by defendants on the basis of diversity jurisdiction and pursuant to the Class Action Fairness Act of 2005.

Plaintiff sued his employer, Chase Investment Services Corporation, under the Private Attorney General Act in California superior court, alleging that Chase had failed to pay him and other "aggrieved parties" (Chase financial advisors) for overtime, provide for meal breaks, allow rest periods, and timely reimburse expenses. The complaint sought statutory civil penalties for each alleged violation, and asserted that plaintiff''s potential share of any penalties recovered and attorneys' fees would be less than $75,000.

The panel held that the district court could not exercise jurisdiction over this removed California Private Attorney General action under the Class Action Fairness Act. The panel conclude that California Private Attorney General Act actions are not sufficiently similar to Rule 23 class actions to

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

establish the original jurisdiction of a federal court under the Class Action Fairness Act. The panel also noted that because plaintiff's portion of the recovery would be less than $75,000, there was also no diversity jurisdiction under 28 U.S.C. § 1332(a), and therefore plaintiff's motion to remand should have been granted. The panel reversed with instructions to grant that motion.

Judge Thomas concurred in the majority opinion. He wrote separately only to note his prior disagreement on the question of whether claims under the Labor Code Private Attorney General Act of 2004 can be aggregated in determining whether diversity jurisdiction exists. *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013) (Thomas, J., dissenting).

## COUNSEL

Glenn A. Danas (argued), Marc Primo, and Ryan H. Wu, Initiative Legal Group APC, Los Angeles, California, for Plaintiff-Appellant.

Carrie A. Gonell (argued) and John A. Hayashi, Morgan, Lewis & Bockius LLP, Irvine, California; Samuel S. Shaulson, New York, New York; and Alison B. Willard, San Francisco, California, for Defendants-Appellees.

Allen Graves (argued) and Elizabeth Sullivan, The Graves Firm, Pasadena, California, for Amicus Curiae Stacy Thompson.

George W. Abele and Melinda A. Gordon, Paul Hastings LLP, Los Angeles, California; Robin S. Conrad, Kate

Comerford Todd, and Shane B. Kawka, National Chamber Litigation Center, Washington, D.C., for Amicus Curiae California Employment Law Council and Chamber of Commerce of the United States of America.

## OPINION

HURWITZ, Circuit Judge:

This is a civil action filed in California state court under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698–2699.5, and then removed to the United States District Court for the Central District of California. PAGA authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code. *See Arias v. Super. Ct.*, 209 P.3d 923, 929–30 (Cal. 2009). The sole question presented on appeal is whether the district court had subject matter jurisdiction over this removed action.

In *Urbino v. Orkin Services*, 726 F.3d 1118 (9th Cir. 2013), we held that potential PAGA penalties against an employer may not be aggregated to meet the minimum amount in controversy requirement of 28 U.S.C. § 1332(a). The remaining issue in this appeal is whether a district court may instead exercise original jurisdiction over a PAGA action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711–15. We hold that CAFA provides no basis for federal jurisdiction.

## I.

### Factual and Procedural Background

Joseph Baumann sued his employer, Chase Investment Services Corporation ("Chase"), under PAGA in California superior court, alleging that Chase had failed to pay him and other "Aggrieved Parties" (Chase financial advisors) for overtime, provide for meal breaks, allow rest periods, and timely reimburse expenses. The complaint sought PAGA statutory civil penalties for each alleged violation, and asserted that Baumann's potential share of any penalties recovered and attorneys' fees would be less than $75,000.

Chase filed a notice of removal, invoking diversity jurisdiction under § 1332(a) and alleging that the amount in controversy exceeded $75,000 if all potential statutory penalties and attorneys fee awards were aggregated. The notice of removal also invoked CAFA jurisdiction under § 1332(d)(2), alleging minimal diversity, a class of more than 100 members, and an amount in controversy exceeding $5,000,000. The district court denied Baumann's motion to remand, aggregating the potential claims against Chase and finding subject matter jurisdiction under § 1332(a). The court accordingly declined to address CAFA jurisdiction.

The district court certified its order denying Baumann's motion to remand, and we permitted an appeal to be taken from that order. *See* 28 U.S.C. § 1292(b). Section 1292(b) authorizes appeals from orders, not questions, so "our review of the present controversy is not automatically limited solely to the question deemed controlling by the district court." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). And, because the sole question remaining in this appeal—

6      BAUMANN V. CHASE INVESTMENT SERVICES

whether a PAGA suit is a "class action" as defined in CAFA, 28 U.S.C. § 1332(d)(1)(B)—is a purely legal issue, which we review de novo, *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 846–47 (9th Cir. 2011), we choose as a matter of judicial economy to address it in the first instance.[1]

## II.

### CAFA Jurisdiction

CAFA confers original jurisdiction to the district courts "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)–(A). The claims of class members may be aggregated to determine whether the amount in controversy requirement has been satisfied. *Id.* § 1332(d)(6). The class also must have at least 100 members. *Id.* § 1332(d)(5)(B). There is no question that this PAGA action involves statutory violations allegedly suffered by more than 100 Chase employees, that the citizenship of one of those employees is different than Chase's, or that the aggregated statutory penalties sought exceed $5,000,000. Therefore, the only issue for decision is whether this is a "class action."

A "class action" is defined by CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or

---

[1] Because it is undisputed that Baumann's portion of any recovery (including fees) would be less than $75,000, we hold for the reasons explained in *Urbino* that the district court erred in finding the amount in controversy requirement in § 1332(a) satisfied.

BAUMANN V. CHASE INVESTMENT SERVICES 7

similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). Because this action was commenced in California state court, it clearly was not filed pursuant to Federal Rule of Civil Procedure 23. The question before us thus boils down to "whether the suit was 'filed under' a state statute or rule of judicial procedure 'similar' to Rule 23 that authorizes a class action." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 214 (2d Cir. 2013). We therefore begin with an overview of PAGA, the state statute under which this suit was filed.

### 1. PAGA

The California legislature enacted PAGA because of inadequate financing and staffing to enforce state labor laws. 2003 Cal. Stat. Ch. 906, §§ 1–2. The legislature declared it "in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Arias*, 209 P.3d at 929–30. If the California Labor and Workforce Development Agency ("LWDA") declines to investigate an alleged labor law violation or issue a citation, an aggrieved employee may commence a PAGA action against an employer "personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations." *Id.* at 930. "[T]he civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f)(2). An aggrieved employee is "any person who was employed by the alleged violator and against whom one

8        BAUMANN V. CHASE INVESTMENT SERVICES

or more of the alleged violations was committed." *Id.* § 2699(c). The LWDA receives seventy-five percent of the penalties collected in a PAGA action, and the aggrieved employees the remaining twenty-five percent. *Id.* § 2699(i).

### 2. PAGA and Class Actions

Section 382 of the California Code of Civil Procedure authorizes a class action if "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." In addition, before a class may be certified

> a party must establish the existence of both an ascertainable class and a well-defined community of interest among the class members. The community of interest requirement involves three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.

*Linder v. Thrifty Oil Co.*, 2 P.3d 27, 31 (Cal. 2000) (internal quotation marks and citations omitted).

The complaint in this case did not invoke the California class action statute. The state Labor Code is silent as to whether a PAGA action is a "class action," but the California Supreme Court has authoritatively addressed that issue, holding that PAGA actions are not class actions under state law. *Arias*, 209 P.3d at 926. The court found PAGA actions fundamentally different from class actions, chiefly because

BAUMANN V. CHASE INVESTMENT SERVICES     9

the statutory suits are essentially law enforcement actions. *Id.* at 933–34.

The state high court's decision, however, does not end our inquiry. CAFA does not require that a suit be filed under a state class action statute or rule, but only that the action be brought under a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). "A state statute or rule is 'similar' to Federal Rule of Civil Procedure 23 if it closely resembles Rule 23 or is like Rule 23 in substance or in essentials." *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011).

The substance and essentials of Rule 23 are familiar. Rule 23 allows for class actions "only if":

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, a class action cannot be maintained unless one of the three requirements of Rule 23(b) is also met. A class certification order is subject to the

detailed requirements of Rule 23(c) both as to form and notice.[2]

---

[2] (1) *Certification Order*.

  (A) *Time to Issue*. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

  (B) *Defining the Class; Appointing Class Counsel*. An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).

  (C) *Altering or Amending the Order*. An order that grants or denies class certification may be altered or amended before final judgment.

(2) *Notice*.

  (A) *For (b)(1) or (b)(2) Classes*. For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.

  (B) *For (b)(3) Classes*. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

  (i) the nature of the action;

  (ii) the definition of the class certified;

  (iii) the class claims, issues, or defenses;

Case 2:11-cv-06667-GHK-FMO   Document 71   Filed 12/15/14   Page 13 of 18   Page ID #:626

In determining whether PAGA is sufficiently "similar" to Rule 23 to qualify under CAFA as a statute "authorizing a[] [class] action," we do not write on a blank analytical slate. In *Chimei*, we held that "*parens patriae* suits filed by state Attorneys General may not be removed to federal court because the suits are not 'class actions' within the plain meaning of CAFA." 659 F.3d at 847; *cf. Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 739 (2014) (holding that a *parens patriae* suit is also not a CAFA "mass action"). We noted that *parens patriae* suits "lack statutory requirements for numerosity, commonality, typicality, or adequacy of representation that would make them sufficiently 'similar' to actions brought under Rule 23, and . . . do not contain certification procedures." *Chimei*, 659 F.3d at 850. Accordingly, we concluded that *parens patriae* suits "lack the defining attributes of true class actions. As such, they only 'resemble' class actions in the sense that they are representative suits." *Id.*; *accord Purdue Pharma*, 704 F.3d at 216–17.

Applying the *Chimei* rubric, we conclude that PAGA actions are also not sufficiently similar to Rule 23 class

---

> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c).

actions to trigger CAFA jurisdiction. Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action. In a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees—critical requirements in federal class actions under Rules 23(a)(4) and (g). *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[T]he Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members."); *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165–69 (9th Cir. 2013) (noting the importance of class counsel's ability to adequately represent the class and absent class members). Moreover, unlike Rule 23(a), PAGA contains no requirements of numerosity, commonality, or typicality. *Cf. Purdue Pharma*, 704 F.3d at 216–17 (noting that *parens patriae* suits contain none of the "hallmarks of Rule 23 class actions; namely, adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification" and thus "lack the equivalency to Rule 23 that CAFA demands"); *CVS Pharmacy*, 646 F.3d at 175–76 (noting that the West Virginia law at issue does not "contain[] any numerosity, commonality, or typicality requirements, all of which are essential to a class action.").

In addition, the finality of PAGA judgments differs distinctly from that of class action judgments. The Federal Rules ensure that members of the class receiving notice and declining to opt out are bound by a judgment. Fed. R. Civ. P. 23(c)(3). Class action judgments are also preclusive as to all claims the class could have brought. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

BAUMANN V. CHASE INVESTMENT SERVICES 13

In contrast, PAGA expressly provides that employees retain all rights "to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." Cal. Lab. Code § 2699(g)(1). "[I]if the employer defeats a PAGA claim, the nonparty employees, because they were not given notice of the action or afforded an opportunity to be heard, are not bound by the judgment as to remedies other than civil penalties." *Ochoa-Hernandez v. Cjaders Foods, Inc.*, No. C 08-2073 MHP, 2010 WL 1340777, at *4 (N.D. Cal. Apr. 2, 2010); *see Arias*, 209 P.3d at 934.

In short, "a PAGA suit is fundamentally different than a class action." *McKenzie v. Fed. Express Corp.*, 765 F. Supp. 2d 1222, 1233 (C.D. Cal. 2011). These differences stem from the central nature of PAGA. PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency. *See Arias*, 209 P.3d at 929–30. Because an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should obtain when a private attorney general is the nominal plaintiff.

The nature of PAGA penalties is also markedly different than damages sought in Rule 23 class actions. In class actions, damages are typically restitution for wrongs done to class members. But PAGA actions instead primarily seek to vindicate the public interest in enforcement of California's labor law. *See Sample v. Big Lots Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, at *3 (N.D. Cal. Nov. 30, 2010); *Franco v. Athens Disposal Co.*, 90 Cal. Rptr. 3d 539, 556 (Ct. App. 2009). The bulk of any recovery goes to the LDWA, not to aggrieved employees. And, the twenty-five percent portion of the penalty awarded to the aggrieved

14        BAUMANN V. CHASE INVESTMENT SERVICES

employee does not reduce any other claim that the employee may have against the employer—in this case, for example, for withheld overtime pay. *See Caliber Bodyworks, Inc. v. Super. Ct.*, 36 Cal. Rptr. 3d 31, 40 (Ct. App. 2005). The employee's recovery is thus an incentive to perform a service to the state, not restitution for wrongs done to members of the class.

In the end, Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief.

Despite these fundamental differences, Chase argues that PAGA actions are "class actions" under CAFA because PAGA is a state procedural law that would be displaced by Rule 23 in federal court under the rationale of *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). But *Shady Grove* is of no help to Chase. In *Shady Grove*, the Supreme Court considered whether a New York law, which precluded suits seeking recovery of penalties from proceeding as class actions, deprived a federal district court of jurisdiction over a diversity suit proposed as a Rule 23 class action. *Id*. at 397. The issues were whether Rule 23 conflicted with the New York law, and if so, whether the Rule exceeded the authorization of the Rules Enabling Act or Congress's rulemaking power. *Id.* at 398. The Supreme Court held that the New York law conflicted with Rule 23, and after applying the analysis mandated by *Hanna v. Plumer*, 380 U.S. 460 (1965), concluded that the Federal Rule was not ultra vires. *Shady Grove*, 559 U.S. at 398–410; *id.* at 429–36 (Stevens, J., concurring).

In contrast, the issue before us is simply one of statutory construction—whether the action sought to be removed was "*filed under*" a state statute "similar" to Rule 23. We do not today decide whether a federal court may allow a PAGA action otherwise within its original jurisdiction to proceed under Rule 23 as a class action. We hold only that PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA.

### III.

### Conclusion

For the reasons above, we hold that the district court could not exercise jurisdiction over this removed PAGA action under CAFA. And because, in light of *Urbino*, there was also no federal subject matter jurisdiction under § 1332(a), *see supra* n.1, Baumann's motion to remand should have been granted. We reverse with instructions to grant that motion.

**REVERSED AND REMANDED WITH INSTRUCTIONS**.

---

THOMAS, Circuit Judge, concurring:

I concur in the majority opinion. I write separately only to note my prior disagreement on the question of whether claims under the Labor Code Private Attorney General Act of 2004, Cal. Lab.Code § 2698 et seq, can be aggregated in determining whether diversity jurisdiction exists. *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1123 (9th

16 BAUMANN V. CHASE INVESTMENT SERVICES

Cir. 2013) (Thomas, J., dissenting). *Urbino* is law of the circuit, of course, and binds this panel. However, if I were writing on a clean slate, I would hold otherwise as to the question of aggregation.